## CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY *v.* WELLS-DICKEY TRUST COMPANY, ADMINISTRATOR.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 57.   Argued October 20, 1927.—Decided November 21, 1927.

Under the Federal Employers' Liability Act, the cause of action for death of an employee, upon which suit is to be brought by the decedent's personal representative, accrues, (a) to the widow and children if any survive, (b) to the parents, if neither widow nor children survive, or (c) to dependent next of kin, if there be no surviving widow, child or parent; but the liability is to one of the three classes, not to the several classes collectively; and if the person, e. g., the mother, entitled at the death of the employee dies thereafter before a recovery of the compensation, the cause of action dies also, and suit may not be brought on behalf of the class next in line.   P. 162.

159 Minn. 417; 166 *Id.* 79, 83, reversed.

CERTIORARI, 271 U. S. 657, to a judgment of the Supreme Court of Minnesota, affirming a recovery of damages in a suit under the Federal Employers' Liability Act, brought by the special administrator of a deceased railroad employee on behalf of his sister, as dependent next of kin.

*Mr. J. C. James,* with whom *Messrs. J. A. Connell* and *Bruce Scott* were on the brief, for petitioner.

*Messrs. F. M. Miner* and *Robert J. McDonald* for respondent, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Anderson was killed instantly while employed in interstate commerce by the Chicago, Burlington & Quincy

Railroad. Wells-Dickey Trust Company was appointed special administrator and brought, in a state court of Minnesota, this action under the Federal Employers' Liability Act, April 22, 1908, c. 149, § 1, 35 Stat. 65; United States Code, Title 45, c. 2, § 51, for the benefit of a sister alleged to be dependent. Anderson had not left surviving widow, child, or father. His mother had survived him, but died before the administrator was appointed. No action was brought on her behalf. After proceedings which it is unnecessary to detail, the Railroad moved for a directed verdict, upon the ground that, since the mother had survived, the cause of action vested in her; and that when she died, the cause of action died with her. The direction was denied; the plaintiff got a verdict; and the judgment for the plaintiff entered thereon was affirmed by the highest court of the State. 159 Minn. 417; 166 Minn. 79; 166 Minn. 83. This Court granted a writ of certiorari. 271 U. S. 657.

Whether the action lies, depends upon the construction to be given § 1 of the Federal Employers' Liability Act and presents a novel question. That section provides:

"Every common carrier by railroad . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

For an injury resulting in death the Act gives two distinct causes of action. One is to compensate the injured person for his loss and suffering while he lives. Under the original Act, that cause of action did not survive. *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, 67–68. Now, under the amendment added as § 9 by Act of April 5, 1910, c. 143, 36 Stat. 291, it survives to the personal representative, *St. Louis, Iron Mountain*

*& Southern Ry. Co.* v. *Craft*, 237 U. S. 648. The second cause of action is to compensate persons other than the injured employee for pecuniary loss suffered by them through the employee's death. While the suit thereon must be brought by the personal representative of the employee, he sues as trustee for the person or persons on whose behalf the Act authorizes recovery. The question is whether the sister, being, but for the short survival of the mother, "next of kin, dependent upon such employee" is, under the circumstances, entitled to compensation.

The language of § 1 makes it clear that she is not. The cause of action as there expressed, accrues to the widow and children, if either survives. It accrues to the parents if neither widow nor child survives. It accrues to the next of kin dependent upon the employee, only if there is no surviving widow, child or parent. There are, thus, three classes of possible beneficiaries. But the liability is in the alternative. It is to one of the three; not to the several classes collectively. The contention is that if the one entitled at the death of the employee to the compensation dies thereafter before a recovery, the action may be brought on behalf of the class next in line. There is no basis in the Act for such a shifting of the beneficiary. The statute does not provide for a life interest in one, with remainder over to others in the line of distribution. Nor does it provide for vesting the right to compensation in the one, with a conditional limitation to another, in case the one entitled at the death happens to die thereafter without having secured recovery.

The cause of action accrues at the death. *Reading Co.* v. *Koons*, 271 U. S. 58. When it accrues, there is an immediate, final and absolute vesting; and the vesting is in that one of the several possible beneficiaries who, according to the express provision in the statute, is declared entitled to be compensated. Upon Anderson's death, an administrator might have been appointed and

an action brought immediately. If it had been so brought, it would have been for the benefit solely of the mother; and no other action would have lain. The failure to bring the action in the mother's lifetime did not result in creating a new cause of action after her death for the benefit of the sister.

*Reversed.*