## ROGERS v. FORT WORTH & D. C. RY. CO.
### No. 11871.

Court of Civil Appeals of Texas. Dallas.
Feb. 8, 1936.

Rehearing Denied March 7, 1936.

See, also, 62 S.W.(2d) 151.

Saner, Saner & Jack and R. E. Kepke, all of Dallas, for appellant.

Thompson & Barwise, of Fort Worth, and Charles C. Huff and J. M. Chambers, both of Dallas, for appellee.

JONES, Chief Justice.

On July 17, 1931, Rollo Rogers was an employee of appellee, Fort Worth & Denver City Railway Company, and on such date was assisting in unloading bridge timber for the repair of a bridge on appellee's railway, when he was fatally injured by the alleged negligence of other employees assisting in the work of unloading. About four days afterwards, that is, on July 21, 1931, Rollo Rogers died as a result of his injuries. Deceased had never been married, and the only beneficiary under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, was his mother, Mrs. Leonora Rogers. She qualified as temporary administratrix of the estate of deceased, and as such personal representative instituted this suit against appellee to recover in damages the loss she had sustained by reason of his alleged wrongful death.

The suit was not finally tried during the life of Mrs. Leonora Rogers. When she died, pending the suit, her daughter, Alice Rogers, applied to the probate court for, and received the appointment of temporary administratrix de bonis non, of the estate of Rollo Rogers deceased, with the power to prosecute the pending suit, as plaintiff; she duly qualified as such and is the appellant. After her appointment and qualification, she filed an amended petition in the suit on May 24, 1934, substituting herself, in her capacity as such temporary administratrix, as plaintiff.

Appellant filed a second amended petition in this suit, as the personal representative of the deceased, Rollo Rogers, to recover damages for the benefit of Mrs. Leonora Rogers, deceased, and for her estate. The allegations in the petition in respect to the negligence of appellee and its proximate cause of the death of Rollo Rogers are sufficient to allege a cause of action for the wrongful death, provided the suit can be maintained for the benefit of the estate of a deceased beneficiary who was living when the suit was instituted. The damages sought are for the four days of conscious suffering of deceased preceding his death, and for the pecuniary loss sustained by the estate of Mrs. Leonora Rogers, because of deceased's death.

The petition alleges the cause of action in alternate counts: (1) Deceased, at the time he received the injuries, was engaged in the work of furthering interstate commerce, in that appellee is a common carrier and continuously transports over its railway interstate passengers and shipments of interstate freight, and appellant, at the time of his injury, was engaged in the work of repairing a bridge on appellee's railway line, and thereby seeks to bring this suit within the provisions of the Federal Employers' Liability Act.

(2) "In the alternative, and only in the event it be determined that defendant or Rollo Rogers were not engaged in interstate

commerce at the time of the injury," appellant alleged the same cause of action as to negligence and proximate cause against appellee as a common carrier engaged in intrastate commerce, at the time of the injury, alleged the same cause of action as to damages, and prayed for the same recovery, under articles 6432–6443, inclusive, 1925 R.C.S.

Appellee directed a general demurrer to the cause of action, alleged under the provisions of the Federal Employers' Liability Act, and another general demurrer directed against the alternative cause of action, alleged under state statutes, on the general ground, in each demurrer, that the "petition wholly fails to show any cause or right of action * * * for the recovery of any sum for the benefit of Mrs. Leonora Rogers, or for the estate of the said Mrs. Leonora Rogers." The court sustained both of these demurrers, and appellant, declining to amend, the suit was dismissed, from which action this appeal has been duly prosecuted.

It will be noted that appellant, as administratrix de bonis non, in her second amended original petition, attempted to allege a cause of action under the Federal Employers' Liability Act, and, in the alternative, attempted to allege a cause of action under the death statute of this state, applicable only to railway employees. The petition shows that, at the time of the death of Rollo Rogers, Mrs. Leonora Rogers, mother of deceased, was the only designated beneficiary in whose behalf a cause of action could be maintained, and under the federal act, the suit in the mother's behalf could only be instituted by the personal representative of the deceased employee.

When Mrs. Leonora Rogers was appointed temporary administratrix of the deceased employee, she became such personal representative, and was legally empowered to institute such suit against appellee, solely for her own personal benefit. Under section 59 of title 45 U.S.C.A., p. 538, the cause of action that had vested in Rollo Rogers at the time of his injuries, survived his death, and vested in his personal representative, solely for the benefit of Mrs. Leonora Rogers, the only surviving parent of the deceased employee. This federal survival statute was enacted April 5, 1910 (section 2), as an amendment to the Federal Employers' Liability Act. Previous to the enactment of this statute, a cause of action did not survive the death of the injured employee. Walsh v. New York, N. H. & H. R. Co. (C. C.) 173 F. 494, affirmed by the Supreme Court 223 U.S. 1, 59, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.(N.S.) 44; Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 162, 48 S.Ct. 73, 74, 72 L.Ed. 216, 59 A.L.R. 758. Said section 59 reads: "Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." It is only by virtue of this statute that any cause of action, under the federal act, survived the death of Rollo Rogers.

It will be noted that, in the said federal act, there are three classes of designated beneficiaries, the first class being the surviving spouse and children; if there be none in this class, as in the instant case, then the surviving parents, there being the surviving mother in the instant case; but if there should be none, then the next of kin dependent upon such employee. In the instant case, if there had been a surviving wife and children, or any one in this designated class, the cause of action given the personal representative of the deceased would have passed in its entirety to such person or persons, and would have excluded any benefit to any surviving member of the second or third class. There being no member of the first designated class, then the entire cause of action vested in the personal representative of deceased, for the sole benefit of Mrs. Leonora Rogers, the only surviving representative of the second class, and excluded entirely the third class of "next of kin" dependent on deceased. The language of the federal survivor statute is plain as to the condition of the vestment of any right of recovery in the second class of designated beneficiaries. This right only exists if there is no beneficiary under the first class. Likewise, no right in any one of the designated beneficiaries in the third class, unless there is no designated beneficiary in the first or second class. This is specifically held in Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., supra.

In the reported case, just above cited, the deceased employee left no designated beneficiary of the first class, but left a surviving mother as the only representative of the second class of designated beneficiaries, and a dependent sister as the sole representative of the third class of beneficiaries. The

mother died before the institution of any suit for her benefit; thereafter, a suit was instituted by the personal representative of deceased for the benefit of the dependent sister, as the sole representative of the third class of beneficiaries, and the question before the Supreme Court was whether such cause of action could be maintained. The court held that there was no cause of action for the benefit of the sister, and in the course of the opinion, Mr. Justice Brandeis said: "The cause of action accrues at the death. * * * When it accrues, there is an immediate, final and absolute vesting; and the vesting is in that one of the several possible beneficiaries who, according to the express provision in the statute, is declared entitled to be compensated. Upon Anderson's [deceased employee] death, an administrator might have been appointed and an action brought immediately. If it had been so brought, it would have been for the benefit solely of the mother; and no other action would have lain. The failure to bring the action in the mother's lifetime did not result in creating a new cause of action after her death for the benefit of the sister."

The effect of the holding in the reported case is that, when a deceased employee engaged in interstate commerce dies from personal injuries received, there is an immediate and final vesting of his cause of action in his personal representative for the benefit of a representative or representatives of the highest designated class, then living, and if the representative or representatives of such class die before the prosecution of the suit to judgment, then there is no shifting of a cause of action to a representative of a lower class.

When Rollo Rogers died, as we have seen, there was in existence no representative of the first class of designated beneficiaries; but there was the surviving mother as the sole representative of the second class of designated beneficiaries. Applying the rule announced in the case of Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., supra, the cause of action immediately and finally vested in his personal representative, for the sole and only benefit of Mrs. Leonora Rogers, his only surviving parent. Before a judgment was obtained for her benefit, she died. There was therefore no person for whom a recovery could be had, and the suit instituted by her as personal representative of the deceased employee died for want of any one for whose benefit a recovery could be had, unless, under a reasonable interpretation of section 59 (supra), it passed to her estate.

The cause of action given by the Federal Employers' Liability Act, for personal injuries resulting in death, is purely a statutory action, and, while its provisions should be liberally construed, so as to effectuate the intention of Congress in enacting the law, yet no rule of construction will permit a court to extend the law beyond its provisions; hence it cannot be construed to extend to include a cause of action for the benefit of the estate of a beneficiary who died before the claim had merged into a judgment. In the act under discussion, the legislative intent is plain, that it was for the purpose of remuneration for the personal loss sustained. The beneficiaries under the first-designated class are the surviving spouse and children, who were necessarily dependent upon the earnings of deceased for their maintenance; if there be none of this class living, then the federal act assumes that the surviving parent or parents would be the object of his bounty had the deceased lived; if no parent is living, then those of the next of kin who are dependent upon deceased. The federal act excludes from the act the "next of kin," except those that were dependent upon the bounty of deceased. When the mother died, if the cause of action could have been prosecuted for the benefit of her estate, then the next of kin, whether dependent or not, would share, by the law of descent and distribution, in the recovered benefits. However, the Supreme Court of the United States, in Lindgren v. United States et al., 281 U.S. 38, 50 S.Ct. 207, 209, 74 L.Ed. 686, has decided, in effect, this question in the following language: "By this section if the injury to the employee results in death, his personal representative—while not given any right of action in behalf of the estate—is invested, solely as trustee for the designated survivors, with the right to recover for their benefit such damages as will compensate them for any pecuniary loss which they sustained by the death. * * * And if the employee leaves no survivors in any of the classes of beneficiaries alternatively designated, it necessarily follows that the personal representative cannot maintain any action to recover damages for the death, since there is no beneficiary in whose behalf such an action can be brought."

Applying to the instant case the doctrine above announced, when Mrs. Leonora Rogers, the only beneficiary for whose benefit this suit could have been instituted, died be-

fore the suit was tried and a final judgment rendered, there was left no one for whose benefit the suit could be continued. As we have seen, the statute was enacted to remunerate her for her personal loss, and not to enlarge her estate after her death.

We therefore hold that there was no error by the trial court in sustaining the first general demurrer.

Under appellant's pleading, the cause of action on the alternative theory, that deceased was engaged in the work of furthering intrastate commerce, the cause of action is attempted to be alleged under article 6439, R.C.S., which reads: "Every corporation, receiver, or other person, operating any railroad in this State, shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow and children, or husband and children, and mother and father of the deceased, and, if none, then of the next kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. * * * The amount recovered shall not be liable for debts of deceased and shall be divided among the persons entitled to the benefit of the action or such of them as shall be alive, in such shares as the jury, or court trying the case without a jury, shall deem proper."

It will be observed that there is no material difference in the cause of action created by this state statute and the cause of action created by the Federal survivor statute. The state statute names but two classes of beneficiaries, placing in class one those beneficiaries designated in the federal statute and placed in classes one and two; class two of the state statute being the same as class three in the federal statute, viz., the next of kin to the deceased dependent upon him. No cause of action is given to the dependent next of kin, unless there is no surviving spouse, or children, or parent. Under each statute, Mrs. Leonora Rogers, as mother of deceased, was vested finally and absolutely with the sole right of a beneficiary of deceased's cause of action. See authorities above cited. Under either statute, this cause of action vested in Mrs. Leonora Rogers for the purpose of remunerating her for any pecuniary loss she had sustained in the death of her son, and not for the benefit of the heirs of her estate. When she died, before judgment, her cause of action died with her. See authorities above cited, and Doyle v. Baltimore & O. R. Co., 81 Ohio St. 184, 90 N.E. 165, 135 Am.St.Rep. 775.

It follows that, in our opinion, no cause of action against appellee existed in favor of Mrs. Leonora Rogers' estate, and therefore the trial court did not err in sustaining the second demurrer. The judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.