## BAILEY v. BALTIMORE MAIL S. S. CO.

District Court, S. D. New York.

Dec. 1, 1941.

244

Jacob Rassner, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Robert P. Nash, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

The decedent, George L. Bailey, a waiter employed on board the steamship, City of San Francisco, originally instituted this action for personal injuries allegedly sustained on board said vessel on April 15, 1939, through the negligence of the defendant. Thereafter the decedent died as a result of the alleged injuries and upon motion the administrator of his estate was substituted as party plaintiff. An amended and supplemental complaint was served alleging a first cause of action for wrongful death and a second cause of action for alleged conscious pain and suffering. A third cause of action, for the maintenance and cure which it is alleged defendant failed to furnish decedent during his illness, is not included in this motion. Defendant moved pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order of summary judgment in its favor on the first and second causes of action pleaded in the amended and supplemental complaint herein. The complaint (Par. Sixth) states that the action is brought pursuant to Section 33 of the Merchant Marine Act, approved June 5, 1920. The Jones Act, 46 U.S.C.A. § 688. Said statute provides:

"§ 688. Recovery for injury to or death of seaman. Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located. (Mar. 4, 1915, c. 153, § 20, 38 Stat. 1185; June 5, 1920, c. 250, § 33, 41 Stat. 1007.)"

The applicable sections of the Employers' Liability Act for Railroad Employees, 45 U.S.C.A. §§ 51 and 59, provide:

"§ 51. Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence; definition of employees

"Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment. * * *"

"§ 59. Survival of right of action of person injured. Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury. (Apr. 5, 1910, c. 143, § 2, 36 Stat. 291.)"

For a discussion of the maritime statutes see, the Black Gull, 2 Cir., 82 F.2d 758 and Van Beeck v. Sabine Towing Co.,

300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685; The Pan Two, D.C., 26 F.Supp 990. On the applicable provisions of the Employers Liability Act for Railroad Employees, see St. Louis, Iron Mtn. & S. Ry. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160; and Chicago B. & Q. R. R. v. Wells-Dickey Trust Co., 275 U.S. 161, 48 S.Ct. 73, 72 L. Ed. 216, 59 A.L.R. 758.

The plaintiff administrator, a brother of decedent, is suing on behalf of the two next of kin, himself and his sister. The defendant contends that inasmuch as the decedent's next of kin were not dependent upon the decedent, the first and second causes of action cannot be maintained.

From the testimony on file herein it is clear that Mrs. Roy Bush, the sister of decedent, was and is dependent upon her husband and was not dependent upon the decedent at the time of his death; in fact she had not seen the decedent for eight years prior to his death. The plaintiff administrator, William Bailey, a brother of the decedent, has stipulated that he was not himself dependent upon the decedent at the time of his death. It is clear from a consideration of the foregoing statutes and of the reported cases that any next of kin who seek to avail themselves of the benefits conferred by this provision of Section 688 of the Jones Act must have been dependent upon the decedent at the time of his death.

After argument of defendant's motion, plaintiff's attorney submitted a brief in which he stated that he agreed with the contentions of the defendant and with the rule of law as stated above. Plaintiff requests, however, that the dismissal of the first and second causes of action involved herein be "without prejudice to the plaintiff to amend the complaint to plead a cause or causes of action other than any predicated upon any provision of the Jones Act". Plaintiff's attorney seems to be of the opinion that on the facts pleaded and other facts he can plead a new cause of action for breach of contract. That remains to be seen. Defendant's motion is granted on the sole ground that plaintiff is not entitled to maintain under the Jones Act the first two causes of action pleaded in the amended complaint. A provision granting plaintiff leave to amend should be included in the order to be entered on this motion.

Settle order accordingly.