**STARK v. CHICAGO, NORTH SHORE & MILWAUKEE RY. CO.**

**Appeal of STARK.**

**No. 10692.**

United States Court of Appeals
Seventh Circuit.

April 29, 1953.

his duty under the statute to apportion the amount received in the settlement between the widow and the son of said deceased. After dismissing the jury from further consideration of this case, he proceeded to hear the testimony of the son and of Helen Eggers Stark, the first wife of the deceased, which revealed that she was divorced from deceased in November, 1941; that their son, Kenneth L. Stark, Jr., continued to live with her and did so at the time of the trial; that he had not seen his father since he was 4 or 5 years old, and the only regular support for him which his mother had received was during the period that deceased served in the United States Army and made an allotment under Army regulations; that under the original terms of the divorce decree deceased was ordered to pay $3 a week for the support of his son, but that later this allowance was increased to $9 a week; that in January of 1946 deceased was ordered to pay the sum of $185 for medical bills and $150 for other purposes, but failed to make any payments whatsoever, except the allotment when he was in the Army.

Joseph Lustfield, Chicago, Ill., for appellant.

Louis G. Davidson, Seymour J. Frank, James J. Magner, Charles R. Sprowl, Benjamin B. Goldberg and Arthur Ryan, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

This is a death action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., brought by the administratrix, the widow of the deceased, for the benefit of herself and the 13½ year old son of the deceased by a former marriage.

Before the case was called on the morning of the third day of the trial, the attorney for the defendant unexpectedly made an offer of settlement, and when court opened the judge was advised that a settlement agreement had been reached by which the defendant agreed to pay $38,500 for a release from liability. The judge stated that the proposed settlement was fair, just and equitable, and that it was

At the time that this testimony was taken the attorney for Helen Eggers Stark was not present although he was informed that the trial of the suit was in progress. Giving considerable weight to the fact that the deceased was under court order to pay $9 a week, and that if it were paid to the age of the boy's majority it would amount to approximately $3,510, the court determined that from the sum received in settlement, $4,500 should be paid over to Helen Eggers Stark, as the son's natural guardian, and the court also appointed her as guardian ad litem. He directed that the sum of $500 be paid to the attorneys for the plaintiff as the son's share of the attorney fees, and he directed that the balance of $4,000 should be used for the support of the boy. Subsequently, and while the fund was still intact, the court modified its order by placing the fund of $4,000 under the supervision of the Probate Court of Cook County, Illinois.

On May 15, 1952, the clerk entered a minute order, including the court's finding on the apportionment, and included the

words, " * * * by agreement of counsel * * * cause dismissed with prejudice and without costs, * * *." By a subsequent order of May 27, 1952, the court ordered the quoted portion of the minute order stricken as being contrary to the facts. From a decree based upon the order of apportionment, Helen Eggers Stark brings this appeal.

A petition was filed by Helen Eggers Stark asking the court to vacate its order of apportionment entered May 15, 1952. Upon the hearing of said motion, Mrs. Stark's attorney admitted that if the matter were reopened for further hearing the only evidence he desired to offer was that $9 a week under present costs of living is not sufficient to support a boy of Kenneth's age.

On this appeal Helen Eggers Stark complains of the procedure used by the court in arriving at the apportionment, but her real complaint is that her son did not receive a larger share of the settlement fund. She seeks a reversal of the judgment so that another hearing may be held and a different apportionment made.

■ This action was brought under the Federal Employers' Liability Act [1] by the administratrix for the benefit of the surviving widow and minor son. Any recovery is not for the benefit of the estate of the deceased, nor is it an asset thereof, but is for the personal benefit of the beneficiary or the beneficiaries designated by the statute. Chicago, Burlington & Quincy Railroad Co. v. Wells-Dickey Trust Co., 275 U.S. 161, 163, 48 S.Ct. 73, 72 L.Ed. 216. The administratrix did not sue by reason of her inherent right as representative of the estate, but by virtue of the statutory designation and as trustee for the benefit of persons upon whose behalf the statute authorizes recovery. Southern Railway Co. v. Stewart, 8 Cir., 115 F.2d 317, 321.

Although the act provides for an apportionment of the recovery between the widow and the son of deceased in the case at bar, it is silent as to who should make the apportionment and specifies no procedure for the determination of that question.

■ The district court had jurisdiction over the main controversy. It had power to decide upon matters incidental or ancillary to that controversy. Mullen v. Fitz Simons & Connell Dredge & Dock Co., 7 Cir., 172 F.2d 601, 604; State of Georgia v. Wenger, 7 Cir., 187 F.2d 285, 287; 21 C.J.S., Courts, § 87, pp. 135, 136. We hold that the trial judge had authority to apportion the settlement fund between the widow and son. Haidacker v. Central R. Co. of New Jersey, D.C., 52 F.Supp. 713; Tumolo v. Reading Co., D.C., 52 F. Supp. 956.

■ We next reach the question of the correctness of the division of the settlement fund. Damages in a death action based upon the Federal Employers' Liability Act are to be gauged by the reasonable expectation of pecuniary benefits which would have resulted from the continued life of the deceased. Chesapeake & Ohio Ry. Co. v. Kelly, 241 U.S. 485, 489, 36 S.Ct. 630, 60 L.Ed. 1117. Recovery is limited to the actual pecuniary loss. Gulf, Colorado & Santa Fe Ry. Co. v. McGinnis, 228 U.S. 173, 175, 33 S.Ct. 426, 57 L.Ed. 785. Thus, the son was entitled to recover only for his prospective pecuniary losses for 7½ years until he reached his majority. The evidence discloses that the deceased, after his divorce from Helen Eggers Stark, never voluntarily paid anything for the boy's support except during the period that he served with the armed forces, and under the regulations in force as to allotments by servicemen it is doubtful that any such payments could be designated as entirely voluntary.

[1]. 45 U.S.C.A. § 51: "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; * * *."

On the other hand the deceased, who was 37 years of age at the time of his death, left a widow surviving, aged 33. The expectancy of the husband was approximately 30 years. The testimony disclosed that the deceased customarily turned his pay checks over to his wife who, after giving him back small sums, used the balance of $35 to $40 a week to pay rent, purchase food and clothing and for the other living expenses of herself and husband.

■ After the payment of attorney fees and expenses, the net amount received by the widow was $22,000. Had the son received $6,000 and had he been required to pay attorney fees on the same basis as the widow, his net amount would have been the same $4,000 he received in the apportionment. A strict mathematical formula has not been and cannot be laid down for the making of an apportionment. A basis for apportionment similar to that used in the case at bar was approved in Re Estate of Tufts, 228 Wis. 221, 280 N.W. 309. Considering the basis upon which damages may be awarded under the Federal Employers' Liability Act, we think the apportionment made to the son by the trial judge was not only fair and equitable but generous.

■ Appellant further contends that the apportionment proceeding was invalid because her attorney was not present at the taking of the testimony, and that she and her son had no representation at such hearing. We do not see that the interests of the son were in any way harmed. In the presentation of the case at bar only one counsel had appeared throughout the proceeding for the plaintiff. Appellant's own counsel knew that the case was being tried, and could have been present in court had he desired. The proposition of settlement came up suddenly. It was apparent to the court, as well as to plaintiff's counsel, that the offer of settlement should be accepted. The court immediately proceeded with the hearing as to how the fund should be apportioned, and asked numerous questions of the witnesses. At the hearing appellant was appointed guardian ad litem for her son. No-one would question the right of plaintiff's counsel to have sub-

mitted the issues of this lawsuit to the jury. We think that the same counsel was authorized to submit the question of apportionment to the court, and that under the circumstances present there was no error in the proceedings.

Judgment affirmed.