Zimmerman, J.
Prom the record, the single question presented is whether the trial court committed reversible error in directing a verdict for defendant after it was shown that the only next of kin of Julia Dianiska, who had sustained pecuniary loss by reason of her death, had died prior to the trial of the action.
Sections 10509-166 and 10509-167, General Code (Sections 2125.01 and 2125.02, Revised Code), are so familiar to the bench and bar of Ohio that it hardly seems necessary to quote them. The first section gives an independent right of action for the death of a person by reason of the wrongful act, neglect or default *476 of another, and the second provides that such an action shall be brought in the name of the personal representative of the decedent “for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent” who have suffered pecuniary injury as a result of such death. See Gibson v. Solomon, 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903; Karr, Admr., v. Sixt, 146 Ohio St., 527, 67 N. E. (2d), 331.
Counsel for appellant frankly concede that if the pronouncement in the case of Doyle, Admx., v. Baltimore S Ohio Rd. Co., 81 Ohio St., 184, 90 N. E., 165, 135 Am. St. Rep., 775, decided in 1909, is still accepted as the law of Ohio, the lower courts were correct in their judgments, but counsel urge that this court should now re-examine the-question and overrule that case on the basis that it promulgated a harsh, unjust and unsound rule out of step with modern concepts and the trend of present-day decisions.
In the Doyle case, the action for wrongful death was brought to recover damages for the widow of the decedent, who was his sole heir and next of kin. While the action was pending and prior to any final judgment, the widow died. At the instance of the defendant, the' trial court rendered judgment in its favor, the Circuit Court affirmed such judgment, and this court affirmed the judgment of the latter court on the ground “that, according to the provisions of Section 6135, Revised Statutes [Section 10509-167, General Code; Section 2125.02, Revised Code], after the death of said widow, there remained no statutory beneficiary for whose behoof the action could be maintained, and it was not error to dismiss the same for that reason. ’ ’
The rationale of the court was that the action was brought for the sole benefit of the widow and, under the statute, she was the only one in whose favor it could *477 be maintained. At the time she died a right of action was all she had, and, nnlike a judgment, this was not such a species of property as would pass to her heirs or next of kin. See Industrial Commission v. Dell, Exrx., 104 Ohio St., 389, 407, 135 N. E., 669, 675, 34 A. L. R., 422, 432. In other words, since the widow was the only one for whose benefit the action could be instituted and carried forward, her death during the pendency of the action and before final judgment extinguished the right of action. It was pointed out that the design of the statute was to compensate the widow for the pecuniary injury she- sustained on account of the alleged wrongful death and not to enlarge her estate after her death for the benefit of others not coming within the terms of the statute.
It is plain, from the facts narrated in the statement of the instant case, that, if the Doyle case and its reasoning stand, the judgments of the lower courts must be affirmed. The Doyle case finds support in authorities from other jurisdictions. See annotation, 13 A. L. R., 162, as supplemented in the annotations in 34 A. L. R., 162, and 59 A. L. R., 760; Simons v. Kidd (S. D.), 41 N. W. (2d), 840, 42 N. W. (2d), 307; Rogers v. Fort Worth & D. C. Ry. Co. (Texas Civ. App.), 91 S. W. (2d), 458 (writ of error denied); 25 Corpus Juris Secundum, 1132, Death, Section 40; 16 American Jurisprudence, 43, Section 55.
However, there are courts which have decided differently and the attitude of these courts is exemplified in the case of Van Beeck, Admr., v. Sabine Towing Co., Inc., 300 U. S., 342, 81 L. Ed., 685, 57 S. Ct., 452, where numerous authorities on both sides of the question are cited. The Van Beech case and those cases aligned with it hold that a pending action for wrongful death is not terminated by the death of the beneficiary before judgment, and that the executor or administrator may *478 continue it and pay to the estate of the beneficiary such damages as may be collected. It is said that such result is in harmony with the object and design of the wrongful death statute, which creates an independent cause of action in favor of beneficiaries for their pecuniary damages; and that where the cause of action has once accrued it is not divested or extinguished by the death of the beneficiary thereafter but is a property right which survives to the extent that the estate of the deceased beneficiary is proved to be impaired.
The writer of this opinion sympathizes with the broader and more liberal rule laid down in the Van Beech case and the cases which are in agreement with it, and if the question were one of first impression in this court he would in all probability place himself on that side. However, the Doyle case, which takes an opposite view, is not without logic in light of the wording of our statute and is supported by decisions in jurisdictions outside Ohio. Moreover, that case represents the interpretation of the Ohio statute by a unanimous decision of this court and has remained as the law of this state for more than 44 years. In all that time the General Assembly has not seen fit to change the statute in any material respect.
Wherefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Taet, Hart, Stewart and Lamneck, JJ., concur.