**Joseph W. BURKEY, Plaintiff,**

v.

**MONTOUR RAILROAD COMPANY, a corporation, Defendant.**

**Civ. A. No. 10310.**

United States District Court,
W. D. Pennsylvania.

Oct. 14, 1954.

Thomas Park Shearer, of Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

John L. Laubach, Jr., of Rose, Rose & Houston, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding involves a claim for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Upon jury trial, a verdict was returned in favor of plaintiff in the amount of $15,000.

The immediate matter before the court relates to a motion for new trial on the sole ground that the verdict was excessive.

Defense counsel at time of argument waived any additional contention in support of his motion for new trial, asserting that he is satisfied that sufficient evidence was adduced at time of trial to sustain defendant's liability.

Plaintiff is fifty-one years of age and his life expectancy was 22.9 years at the

time of the accident. Abridged Life Tables, U.S.1950, U.S.Dept. of Health, Education and Welfare.

Plaintiff sustained a severe shoulder and arm injury, a fracture of the bone in his elbow and a partial tearing of the supraspinatus tendon, sustaining an inflammation thereof, as well as injury to the bursa with resultant bursitus, and experiences lack of normal function of the left hand. He was hospitalized for eighteen days and was required to undergo considerable physiotherapy treatment. Wages were lost in the amount of $2,000 and a definite impairment of earning power exists.

An interrogatory was submitted to the jury as to whether or not the condition now complained of was the proximate result of the accident upon which the cause of action was based, and the answer was in the affirmative.[1]

██ The court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. In the absence of any showing that the jury was biased or acted capriciously or unreasonably, the court will not interfere with the verdict. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

██ Upon a re-examination and meticulous review of the record, I am satisfied that the award was commensurate with the amount of damages evinced therein.

Motion for new trial will be refused.

An appropriate Order is entered.

1. "Is the present condition of the left shoulder of plaintiff, Joseph W. Burkey, the proximate result of the occurrence of January 17, 1952?"
"Answer: Yes."