Joseph W. BURKEY

v.

MONTOUR RAILROAD COMPANY, a corporation, Appellant.

No. 11493.

United States Court of Appeals, Third Circuit.

Argued March 11, 1955.

Decided March 30, 1955.

John R. Laubach, Jr., Pittsburgh, Pa., (Rose, Rose & Houston, Pittsburgh, Pa., on the brief), for appellant.

Thomas Park Shearer, Pittsburgh, Pa., (Frederic G. Weir, Oliver, Brandon & Shearer, Pittsburgh, on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

In this personal injury Federal Employers' Liability action arising out of an accident, liability for which was admitted, the court submitted an interrogatory to the jury asking "Is the present condition of the left shoulder of plaintiff, Joseph W. Burkey, the proximate result of the occurrence of January 17, 1952?" The jury answer was "Yes".

On motion for a new trial the defense urged first, that the verdict in favor of the plaintiff and the special finding of the jury in response to the interrogatory were against the weight of the evidence and second, that the verdict was excessive. The trial court denied the motion. D.C., 124 F.Supp. 958.

■ Appellant here earnestly argues that the district judge did not consider its point that the verdict as to damages was against the weight of the evidence. It is true that the trial court did not specifically state in its opinion that the jury determination fixing the accident of January 17, 1952 as the proximate cause of the shoulder injury was not against the weight of the evidence. However, the whole sense of the opinion is to that effect. In addition, on the argument of the motion the court and counsel went into the evidence on the question at considerable length.

■ The point concerning excessive damages is also carefully presented and we accept the governing principles of law cited. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 830. But in the light of the evidence as to plaintiff's injuries, his pain and suffering, his disability and out-of-pocket expenses we cannot say that the verdict is so grossly excessive that it makes the denial of the motion for a new trial an abuse of discretion for which this court will remand the cause for a new trial.

The judgment of the district court will be affirmed.