Vincent J. DELLARIPA, Administrator
of the Estate of Alfred Dellaripa,
Plaintiff-Appellee,

v.

The NEW YORK, NEW HAVEN &
HARTFORD RAILROAD COM-
PANY, Defendant-Appellant.

No. 230, Docket 24897.

United States Court of Appeals
Second Circuit.

Argued Feb. 3, 1958.

Decided July 7, 1958.

O'Neill, Higgins & Latto (Thomas J. O'Neill, of counsel), New York City, for plaintiff-appellee.

Thomas P. Hackett, New Haven, Conn. (Thomas P. Hackett, New Haven, Conn., of counsel; Edwin H. Hall, Philip Baroff,

New Haven, Conn., on the brief), for defendant-appellant.

Before MEDINA, WATERMAN and MOORE, Circuit Judges.

WATERMAN, Circuit Judge.

On November 14, 1954 Alfred Dellaripa, while in the employ of the defendant, sustained severe injuries which resulted in his death later the same day. His brother, Vincent Dellaripa, was appointed administrator of Alfred's estate and, on March 8, 1955, commenced the present action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., claiming damages under § 51 for Alfred's death and under § 59 for the injuries he suffered. The jury returned a verdict of $2,500 for the claim under § 51 and $22,500 for the claim under § 59. Defendant's motions for judgment n. o. v. or, in the alternative, for a new trial, were denied by the trial judge and this appeal ensued. Upon the appeal, the § 51 award is unchallenged, but the defendant contends that the § 59 award must be reversed because the cause of action thereunder abated during the pendency of the action and because the amount of the verdict is so excessive as to be "monstrous."

■ The contention that the § 59 cause of action abated is based upon the fact that Frank Dellaripa, Alfred's father and nearest surviving relative, died after commencement of the action and prior to trial. Since the action could be maintained only for Frank's benefit, Chicago, B & Q. R. Co. v. Wells-Dickey Trust Co., 1927, 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216, the defendant, though conceding that the cause of action under § 51 did not abate with his death, Van Beeck v. Sabine Towing Co., 1937, 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685, nevertheless contends that the § 59 cause did abate when Frank died. To this contention, the plaintiff replies only that under 28 U.S.C. § 2105 this court lacks

jurisdiction to reverse the judgment below on the ground that the action abated.[1] We are clear that this challenge to our jurisdiction is without merit. Section 2105 relates to matters which are quite different than those raised by this appeal. See Snyder v. Buck, 1950, 340 U.S. 15, 32, 71 S.Ct. 93, 95 L.Ed. 15 (Frankfurter, J., dissenting); Bowles v. Wilke, 7 Cir., 1949, 175 F.2d 35.

Turning to the merits of defendant's claim we discover that apparently the only case squarely on point is Rogers v. Fort Worth & D. C. Ry. Co., Tex.Civ. App.1936, 91 S.W.2d 458, in which the Texas court held that causes of action under both §§ 51 and 59 abated when the sole beneficiary of the action died during its pendency. The court reasoned that inasmuch as the sole beneficiary could no longer benefit from a recovery, the congressional purpose of limiting recovery to designated classes would be frustrated by allowing recovery for the benefit of the deceased beneficiary's estate. However, at least insofar as the § 51 cause of action is concerned, Rogers was overruled by the U. S. Supreme Court in Van Beeck v. Sabine Towing Co., supra. In that case, the Court held that the death of the sole beneficiary during the pendency of an action under § 51 did not abate the cause of action and that recovery might be had on behalf of the deceased beneficiary's estate for such loss as the beneficiary sustained during her lifetime. Inasmuch as the deceased employee had died at once upon the sinking of the vessel upon which he had been employed, no § 59 claim was before the Court, and decision upon the issue of whether a cause of action under that section abated with the death of the sole beneficiary was expressly reserved.

■ It is difficult to discern any reason why a cause of action under § 59 should abate upon the death of the sole beneficiary when a § 51 cause of action does not. Both sections, though em-

---

1. 28 U.S.C. § 2105 provides that "There shall be no reversal in the Supreme Court or a court of appeals for error in rul-

ing upon matters in abatement which do not involve jurisdiction."

bracing distinct claims, St. Louis, I. M. & S. Ry. Co. v. Craft, 1915, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160, are rooted in dissatisfaction with the two common law rules that the death of an injured person extinguishes the cause of action that he had during his lifetime for his personal injury; and that no cause of action exists at all for a death resulting from a wrongful act. To suggest, therefore, as does the defendant, that §§ 51 and 59 are to be treated differently because the former creates a "property" right while the latter creates a "personal" right is merely "perpetuation of a policy which now has had its day." Van Beeck v. Sabine Towing Co., supra, 300 U.S. at page 351, 57 S.Ct. at page 456. Whatever may be the persuasiveness of the Rogers decision as an original matter, the identity [2] of the relevant language in §§ 51 and 59 and the close relationship between the purpose served by both of them indicates that when, during the pendency of an action, the sole beneficiary of a deceased employee dies, no purpose would be served by holding that a § 59 cause of action abates while a § 51 cause of action retains vitality. Consequently, we hold that the death of the decedent's father during the pendency of the case did not terminate the plaintiff administrator's right of recovery. Continuation of the action for the benefit of the father's estate was proper.

▇▇▇▇ After the jury returned its verdict, the defendant moved in the trial court to set aside as excessive the award of damages for the § 59 claim, a contention which is renewed before us on appeal. The trial judge, though observing that the jury's award was perhaps high-er than another trier of fact, including himself, would have awarded, concluded that the jury verdict should not be set aside as excessive in view of the extreme nature of the decedent's injuries, his consequent pain largely unalleviated by drugs, and his apprehension that his leg would have to be amputated. Assuming, without so deciding, that we have the power to review the trial judge's exercise of discretion in this particular, we cannot find that under the circumstances of this case he abused his discretion by denying a new trial. Particularly in a case such as this, where the amount of the award is necessarily a determination that cannot be reached with exactitude, some leeway must be granted the jury. Surely the trial court has the power to set aside the jury's verdict if he believes that it is excessive, but obviously that power must be exercised with due regard for the jury's primary responsibility to fix the amount of the damages. However, responsibility for the amount of damages awarded does not lie exclusively with the jury—its responsibility is primary, but not final. The ultimate responsibility rests with the trial judge who may set a verdict aside. His power to set aside a verdict as excessive implies that he has a duty to do so when he conscientiously belives that the jury has exceeded the bounds of propriety. This duty should not be avoided by hiding behind the jury's verdict. Here, because we believe that the trial judge in this case did conscientiously exercise his discretion, and that he did not abuse it, we avoid reaching the issue of our power to review his exercise of discretion.

Affirmed.

2. Each section provides that upon the death of an employee his personal representative may maintain an action against the employer "for the benefit of the surviving widow or husband and children of such employee;[,] and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee * * *"