Savino DAGNELLO, Plaintiff,

v.

LONG ISLAND RAILROAD COMPANY, Defendant.

United States District Court
S. D. New York.
July 11, 1960.

Zelenko & Elkind, New York City, Arnold B. Elkind, New York City, of counsel, for plaintiff.

Otto Buerger, Jamaica, N. Y., James A. Treanor, Jr., New York City, of counsel, for defendant.

WEINFELD, District Judge.

The defendant moves to set aside the jury verdict and for a new trial on the ground that the damages awarded are excessive. The trial of the action, brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was simplified by the defendant's concession of its liability. The issues were confined to damages and contributory negligence.

The jury found total damages in the sum of $145,000; also that plaintiff was chargeable with contributory negligence to the extent of 10%, which it deducted from the total, and returned a verdict of $130,500. In reporting its verdict, the jury, on its own initiative, itemized the elements of damages, as follows:

| | | |
|---|---|---|
| 1. | Loss of salary to date | $ 10,000 |
| 2. | Compensation for amount of salary he may forego because of injury—38,000 at 4½%=1710 per year | 38,000 |
| 3. | Compensation for pain and suffering and loss of limb | 97.000 |
| | Total settlement | $14u,uuu |
| | Less 10% | 14,500 |
| | | $130,500 |

The defendant does not challenge the loss of salary items as found by the jury. Its sole attack is directed against the award of $97,000, for the loss of limb and pain and suffering.

The Court is asked to say that that sum is excessive for pain and suffering already, and likely to be, experienced, and for amputation of the left leg of a thirty-year old man in otherwise good health who, up to the time of his injuries, was gainfully and regularly employed. The defendant's counsel contends that the outer limits of a reasonable award for these items is $50,000 and urges that unless an appropriate remittitur is filed, the matter be tried anew.

The primary responsibility for the assessment of damages rests upon the jury, which is allowed a wide area of discretion, particularly where damages are not capable of exact or slide-rule determination. Even were the Court to disagree with the amount of the award, it would not be justified in substituting its judgment for that of the combined experience of twelve jurors, unless it "conscientiously [believed] that the jury has exceeded the bounds of propriety."[1] In short, the Court's ultimate power to interfere with and set aside a jury judgment on damages should be exercised only if the amount awarded is so excessive as to compel the conclusion that it is the result of passion or prejudice or is shocking to the "judicial conscience."[2]

It should be borne in mind that the $97,000 includes not only the loss of plaintiff's limb, the mutilation of his body, but also mental anguish, pain and suffering to date and likely future pain and suffering. There can be no doubt but that immediately following the unfortunate occurrence, when the wheels of a railroad car, misdirected and proceeding along a wrong track, went over the plaintiff's leg, he suffered excruciating and harrowing pain for days, which, to an alleviated extent, continued thereafter. Apart from actual physical pain, plaintiff testified to continuing pain, which doctors referred to as "phantom limb pain," not uncommon in the case of the loss of a member of the body. In

1. Dellaripa v. New York, New Haven & Hartford R. R., 2 Cir., 1958, 257 F.2d 733, 735.

2. Cf. Lebeck v. William A. Jarvis, Inc., 3 Cir., 1957, 250 F.2d 285; Ford Motor Co. v. Mahone, 4 Cir., 1953, 205 F.2d 267, 272–273; Southern Pac. Co. v. Zehnle, 9 Cir., 1947, 163 F.2d 453, 455; Burkey v. Montour R. R., D.C.W.D.Pa. 1954, 124 F.Supp. 958, affirmed 3 Cir., 1955, 220 F.2d 743; Reynolds v. Pegler, D.C.S.D.N.Y.1954, 123 F.Supp. 36, affirmed 2 Cir., 223 F.2d 429, certiorari denied, 1955, 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754.

addition to the original amputation, two further surgical procedures were required.

It is stating the obvious that judgments as to compensation for pain and suffering and the loss of members of the body vary, not only among jurors, but among courts. No useful purpose would be served in collating the various cases, except to emphasize the contrariety of individual views. Our own Court of Appeals has not found $22,500 excessive for conscious pain and suffering experienced by an injured railroad employee who had great apprehension that his leg would have to be amputated and who died within two hours after he sustained his injury.[3]

Bearing in mind that the award of $97,000 takes into account the various elements referred to, to wit, pain suffered to date and likely to be suffered, loss of limb and disfigurement, the Court is of the view that it cannot be held to be excessive.

Any suggestion that the award rests upon sympathy, passion or prejudice, or was influenced by factors other than a rational consideration of the evidence, is repelled by the jury's finding that plaintiff himself contributed to the accident and its assessment of a portion of the damages against him.

Accordingly, the defendant's motion to set aside the verdict and for a new trial is denied.

There remains for consideration the cross-motion made by the plaintiff to strike out the jury's itemization of the damages and to enter judgment simply in the amount of $130,500. As already noted, the itemization of damages was entirely upon the jury's own initiative.

Upon the conclusion of the Court's charge to the jury, to which no exception was entered by defense counsel, the latter for the first time requested that the jury be instructed to return a special verdict on damages and contributory negligence. The Court was of the view that the instructions on these items had been so clearly delineated that there was no necessity therefor, and that a general verdict would suffice. That there was great specificity in the charge on the various elements of damage is apparent from the fact that the jury, in effect, prepared and returned its own special verdict. Since the jury's method of computing the damages is before the Court, it is desirable that it remain as of record so that if defendant is advised to prosecute an appeal, the reviewing court will have knowledge of the basis upon which the jury reached its judgment.[4]

Accordingly, the plaintiff's motion is likewise denied.

---

3. Dellaripa v. New York, New Haven & Hartford R. R., 2 Cir., 1958, 257 F.2d 733.

4. Cf. Alexander v. Nash-Kelvinator Corp., 2 Cir., 1958, 261 F.2d 187, 191.