Knox **WILLIAMS**, Administrator ad litem of the Estate of W. G. Snyder, Deceased,

v.

The **LOUISVILLE & NASHVILLE RAILROAD COMPANY.**

Civ. A. No. 4499.

United States District Court
E. D. Tennessee, S. D.

Oct. 21, 1965.

John S. Wrinkle, Chattanooga, Tenn., for plaintiff.

W. D. Spears, Chattanooga, Tenn., for defendant.

FRANK W. WILSON, District Judge.

The plaintiff seeks to recover under the Federal Employers' Liability Act for the alleged negligent death of W. G. Snyder in the course of his employment as a fireman upon one of the defendant's trains. The action is brought by the plaintiff in his capacity as administrator ad litem of the estate of W. G. Snyder, and the complaint alleges that it is brought for the benefit of six minor children of the deceased. It is alleged in the complaint that a settlement of the claim of the widow, Betty Snyder, had been made by the defendant, that no claim is made, therefor, on her behalf, but that this claim is for the six minor children. The defendant has filed a motion for summary judgment, supported

by the affidavit of W. A. Ritchie, a claims agent of the defendant. This affidavit purports to show that W. G. Snyder was killed in a fall from one of the defendant's trains upon May 5, 1962, while working as a fireman. Thereafter, Mrs. Betty Snyder, the surviving widow of W. G. Snyder, duly qualified on May 18, 1962, as the administratrix of the estate of W. G. Snyder. Thereafter the affiant, as claims agent for the defendant, made a full settlement on July 17, 1962, of the death claim of W. G. Snyder in the sum of $50,000.00 with Mrs. Snyder in her capacity as personal representative. A photocopy of the defendant's cancelled check in the sum of $50,000.00 payable to Betty Snyder, both in her individual capacity as widow and in her capacity as administratrix of the estate of W. G. Snyder, is made exhibit to the affidavit. The endorsement of the check is not shown in this exhibit, but is shown in a photocopy filed as an exhibit to the defendant's answer. The check recites upon its face that it is "For all claims or causes of action account fatal injury to W. G. Snyder, while working as fireman on a freight train at or near Etowah, Tennessee, on or about May 5th, 1962." Also made an exhibit to the affidavit is a photocopy of the release and settlement agreement signed by Mrs. Snyder both in her individual and in her representative capacity as administratrix of the estate. This instrument reads as follows:

> "Received of the Louisville & Nashville Railroad Company Fifty Thousand & No/100 Dollars ($50,000.00) in full compromise, settlement, discharge and satisfaction of all claims, demands, or causes of action of every character whatsoever, which I or the estate of W. G. Snyder, deceased, have or has as a result of injuries to and loss of life and damage to the property of said W. G. Snyder, deceased, who was fatally injured at or near Etowah, Tennessee, on the 5th day of May 1962 while working as a fireman on a freight train and falling from an engine thereof while said train was moving."

Finally, a photocopy of letters of administration certifying the appointment of Betty Snyder as administratrix of the estate of W. G. Snyder is made an exhibit to the affidavit.

For response to the motion for summary judgment, the plaintiff has filed the affidavit of Betty Snyder in which she acknowledges that she is the surviving widow of W. G. Snyder and the mother of the six children for whose benefit this suit is brought. She further admits that she qualified as administratrix of the estate of W. G. Snyder following his death and that she made a settlement upon July 17, 1962, in the sum of $50,000.00 for the death of her husband, with W. A. Ritchie acting as claims agent for the defendant. She admits that she made the settlement both in her individual capacity and in her capacity as administratrix of the estate, but contends that she was emotionally distraught at the time, that Mr. Ritchie represented that the money was "all hers" and that she did not have to account to any court for it and "at no time did the affiant, W. A. Ritchie, mention her six minor sons or that any of this $50,000.00 was to be set aside for the use and benefit of the minor sons of the late W. G. Snyder or that the settlement should have any judicial approval whatever." Upon this state of the record the plaintiff contends that an issue of fact exists as to whether any settlement has been made of the claims of the six minor children under the Federal Employers' Liability Act for the death of W. G. Snyder.

This Court is of the opinion that no genuine issue of fact exists in this case and that the defendant's motion for summary judgment should be sustained. No contention is here made that the settlement with Mrs. Snyder was itself fraudulent or in any wise invalid. There is no attempt here to set aside the settlement made, but only to contend that the defendant is entitled to no credit from the settlement upon the claims of the minor beneficiaries. The complaint specifically acknowledges that settlement

has been made with Mrs. Snyder, but contends that this settlement would extend only to her individual claim as a beneficiary under the Federal Employers' Liability Act, and that no settlement has been made with respect to any claims of the six minor children as beneficiaries under the Federal Employers' Liability Act. It appears undisputed here, however, that a settlement was made with the personal representative of the decedent, which settlement shows upon its face that it was for all claims against the defendant arising out of the death of W. G. Snyder.

 The real issue in this case is whether a release of a claim brought under the F.E.L.A. executed by an administratrix without Court approval is binding where minor children are involved. Title 45 U.S.C.A. § 59 specifically provides with regard to an F.E.L.A. action that:

"Any right of action given by this chapter to a person suffering injury *shall survive to his or her personal representative,* for the benefit of the surviving widow or husband or children of such employee * * * *but in such cases there shall be only one recovery for the same injury.*" (Emphasis added.)

The law is well established by cases construing provisions of the Federal Employers' Liability Act that the deceased's administratrix is his "personal representative". Kreiger v. Lehigh Valley R. Co., 1 F.R.D. 601 (D.C., 1939); Brown v. Boston & M. R. Co., 283 Mass. 192, 186 N.E. 59 (1933); Noesen v. Minneapolis, St. P. & S. S. M. Ry. Co., 204 Minn. 233, 283 N.W. 246 (1939); In re Moore's Estate, 153 Fla. 480, 15 So.2d 55 (1943); Cobia v. Atlantic Coast Line R. Co., 188 N.C. 487, 125 S.E. 18 (1924); Marshall v. New York Cent. R. Co., 218 F.2d 900 (1955). By the very wording of Section 59, where the injured person is deceased, the personal representative is the person authorized to make claim and effect settlement of the claim. Moreover, that section specifically provides that only one recovery may be had for the same injury. The plaintiff here seeks to split the claim for the children apart from the claim for the widow and effect a separate recovery for the children without allowing any credit for the settlement with the personal representative. The personal representative acts not by virtue of any right conferred by state law as representative of the deceased's estate, but by virtue of the federal statutory designation as trustee for the surviving beneficiaries. Stark v. Chicago, North Shore & Milwaukee R. Co., 203 F.2d 786 (1953). The validity of a release under F.E.L.A. is a question of federal law. Dice v. Akron, Canton & Youngstown R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398. Even under state law, the general rule is that an administratrix has authority to compromise claims without previous sanction of the Court unless specifically required by statute to obtain such sanction. 33 C.J.S. Executors and Administrators § 181(2).

The plaintiff relies solely upon the case of Tune v. Louisville & Nashville R. Co., 222 F.Supp. 928 (D.C.M.D.Tenn. 1963) in support of his contention that the motion for summary judgment should be overruled. However, the Tune case is not deemed by this Court to be controlling authority nor to require an opposite result from that here reached. Although the Court did there decline to sustain a motion for summary judgment upon a similar showing of a settlement and release executed by the widow as executrix, the case can be distinguished. The Tune case involved an action to set aside a settlement in its entirety. Here the plaintiff specifically acknowledges settlement of the widow's claim and seeks only to make an additional recovery on behalf of the children, a matter expressly forbidden by 45 U.S.C. § 59. In the Tune case the settlement was alleged to be fraudulent. Here the claimant alleges no fraud, but merely that no settlement has been made on behalf of the children. Finally, in the Tune case, the action is brought on

behalf of illegitimate children, whom the administratrix and widow did not purport to represent in making the settlement. To the extent that the Tune case purports to hold that a personal representative cannot settle an F.E.L.A. case where minor beneficiaries exist without prior court approval, this Court respectfully declines to follow such ruling.

The motion for summary judgment will be sustained and an order will enter dismissing the plaintiff's cause of action.