Tizio **BUDA**, Plaintiff,

v.

**ROYAL NETHERLANDS SS CO.,**
**Defendant.**

No. 63 Civ. 386.

United States District Court
S. D. New York.

July 20, 1967.

Martin Lassoff, Zimmerman & Zimmerman, New York City, for plaintiff.

Daniel J. Coughlin, New York City, for defendant.

MOTLEY, District Judge.

OPINION

On March 13, 1967, after a jury verdict for the plaintiff in the amount of $10,500, defendant moved to set aside the verdict as being against the law, contrary to the facts and as being grossly excessive.

■ A different standard must be applied in deciding whether to set aside a verdict than in deciding whether to direct a verdict. In the case of the latter, the trial judge must permit the case to go to the jury if "there is any evidence which, if believed, would authorize a verdict against the defendant." Denny v. Montour R. Co., 101 F.Supp. 735, 737 (W.D.Pa.1951). This is a question of law only—in ruling upon it the trial judge does not exercise any discretion. Denny v. Montour R. Co., supra.

■ However, as was pointed out in Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246, 256 (9th Cir. 1957), cert. denied 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074,

[H]aving permitted the jury to come to its conclusion on the facts, the trial judge then had the right, and indeed the duty, to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice. (Citing Marsh v. Illinois Central Ry. Co., 175 F.2d 498, 5th Cir. 1949).

It is defendant's view that the verdict is against the weight of the evidence since plaintiff and plaintiff's doctor gave differing versions of the happening of the accident. Defendant maintains that this fact, when viewed in the light of the burden of proof plaintiff had to carry, justifies setting aside the verdict.

■ The discrepancy to which defendant refers is of no major moment. Both plaintiff and plaintiff's doctor, in relating the history given to him by plaintiff, testified that plaintiff's ankle was injured in attempting to escape a falling boom. The plaintiff claimed he tripped over a wire in escaping the boom. Plaintiff's doctor said the history given to him by plaintiff was that plaintiff had struck his ankle against a winch drum in his effort to avoid the falling boom. This internal inconsistency in plaintiff's case does not justify setting aside the verdict as being against the weight of the evidence. The fact of conflict in the testimony alone does not justify the trial court following the extraordinary course of setting aside a verdict if the jury could reasonably have resolved the conflict as it did. See Mc-

Honey v. Marine Navigation Co., 137 F.Supp. 263 (E.D.S.C.1955), aff'd 233 F.2d 769 (4th Cir. 1956) cert. denied, 352 U.S. 930, 77 S.Ct. 231, 1 L.Ed.2d 165. It is axiomatic that matters of credibility are for the jury. See Curtis Machine Co. v. MacInnes, 160 F.Supp. 438 (N.D.Pa.1958). There is ample basis in the record to support a verdict for the plaintiff in this case. The court cannot conclude that the verdict was against the clear weight of the evidence.

■■ Defendant also claims that the verdict is so excessive as to warrant a new trial except upon remittitur by the plaintiff of such portion of the award as the court deems excessive. The background against which such a claim must be viewed was set out by Judge Weinfeld of this court in the case of Dagnello v. Long Island Railroad Co., 193 F.Supp. 552 at 553 (S.D.N.Y.1960):

> The primary responsibility for the assessment of damages rests upon the jury, which is allowed a wide area of discretion, particularly where damages are not capable of exact or slide rule determination. Even were the Court to disagree with the amount of the award, it would not be justified in substituting its judgment for that of the combined experience of twelve jurors, unless it 'conscientiously [believed] that the jury has exceeded the bounds of propriety' (quoting Dellaripa v. New York, New Haven & Hartford R. R., 257 F.2d 733, 735, 2d Cir. 1958).

■ The special damages in this case were approximately $500. Plaintiff introduced medical testimony to the effect that plaintiff had suffered a permanent 5% loss of use of the left foot and leg. Defendant offered *no* medical testimony by way of refutation of this claim. In these circumstances, a jury could certainly reasonably accept this testimony, and once having accepted as a fact that the plaintiff had a permanent and painful 5% disability, an award of $10,000 for such permanent injury would not be excessive. This is not so high an award as to shock the "judicial conscience" or to compel the conclusion that it was the result of passion or prejudice. See Reynolds v. Pegler, 123 F.Supp. 36 (S.D.N.Y.1954), aff'd 223 F.2d 429 (2d Cir. 1955) cert. denied, 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754; Dellaripa v. New York, New Haven & Hartford R. R., supra; Dagnello v. Long Island Railroad Co., supra.

The award of $10,500 must stand. Defendant's motion must be in all respects denied.

Let judgment be entered accordingly.