**UNITED STATES of America,**
**Plaintiff,**

v.

**P. J. HEATON, Sr., G. W. Pitman, George W. Barlow and Eugene Malm, d/b/a Heaton and Pitman, Defendants.**

**Civ. No. 0751.**

United States District Court
D. Nebraska.
July 14, 1961.

certain farming and land maintenance operations to prevent and control fire hazards.

The contract of lease contained a standard "disputes" clause which provided that the Government's contracting officer should decide disputes arising under the contract concerning questions of fact, and, in addition, gave the defendants the right of appeal to the head of the department whose decision was to be final. Since the disputes clause is in issue here its exact terms are set forth.

"That, except as otherwise specifically provided in this lease, all disputes concerning questions of fact which may arise under this lease, and which are not disposed of by mutual agreement, shall be decided by the said officer, who shall reduce his decision to writing and mail a copy thereof to the lessee at his address shown herein. Within thirty (30) days from said mailing the lessee may appeal to the Secretary of the Army, whose written decision, or that of his designated representative or representatives or board, shall be final and conclusive upon the parties hereto. Pending decision of a dispute hereunder, the lessee shall proceed with the performance of this lease."

After the lease had expired a controversy arose concerning whether defendants had complied with certain of its provisions. The Government's contracting officer made certain findings of fact which were mailed to the defendants in December, 1957 and which determined that defendants had breached the lease provisions. Damages were assessed against defendants. Defendants filed a timely appeal with the Armed Services Board of Contract Appeals, hereinafter referred to as the Board. Thereafter, on July 17, 1958 the Government moved the Board to dismiss the appeal. The motion recited that:

"1. In paragraphs 2 and 25 of the appellant's appeal, the appellant questions the jurisdiction of this Board to consider the dispute.

William C. Spire, U. S. Atty., Ronald D. Raitt, Asst. U. S. Atty., Dist. of Nebraska, Omaha, Neb., for plaintiff.

Milton C. Murphy and Donald W. Pederson, North Platte, Neb., for defendants.

VAN PELT, District Judge.

Defendants leased from the United States 16,000 acres of land located on the Sioux Ordnance Depot, Sidney, Nebraska. The land was to be used for grazing purposes, and the lease was to run from July 1, 1952 until December 31, 1956. Defendants were to pay an annual rental of $12,100 and perform

"2. Paragraphs 29, 30, 31, 32 and 33 of the contracting officer's Finding of Facts dated 26 December 1957 clearly establishes that the contracting officer is attempting to assess damages resulting from the alleged nonperformance by the appellant of certain terms and conditions of the lease.

"3. The conditions or terms of the lease do not authorize the contracting officer to assess damages against the lessee in the event of nonperformance by the lessee of the terms and conditions of said lease.

"4. Absent a contract provision authorizing the contracting officer to assess actual damages, such officer is not authorized to assess such damages. [Citations omitted.]

"5. The Armed Services Board of Contract Appeals has consistently taken the position that it is without authority to resolve unliquidated damage claims arising from breach of contract. [Citations omitted.]

"6. When it appears that a claim for unliquidated damages is involved in an appeal, the Board by its charter is authorized to make findings of fact with respect to such claims without expressing an opinion on questions of liability. However, in this instance, it is not believed that such action on the part of the Board would serve any useful purpose.

"7. Even if the Board should decide to consider this appeal and to make a finding of fact, such action probably would not dispose of the dispute. Furthermore, such finding of fact would not be binding on the courts. Volentine and Littleton, a partnership v. United States, 145 F.Supp. 952 [136 Ct.Cl. 638].

"8. The Government respectfully requests that a decision on the motion be rendered prior to any hearing on the merits. In the event this motion is denied, the Government reserves the right to answer specifi-cally the allegations contained in the appellant's complaint."

This motion was joined in by the defendants, and the Board dismissed the appeal on September 30, 1958. On December 23, 1958 the Government filed the complaint in this action alleging that defendants had failed to comply with certain provisions of the lease, and praying for judgment for $113,366.12. The complaint alleges that the findings of fact made by the contracting officer are binding in this action. This is denied by defendants' answer.

The matter is now before the court upon the plaintiff's motion for a partial summary judgment. Plaintiff takes the position that the "Findings of Fact" are final and binding in this action and show that plaintiff is entitled to judgment as a matter of law. Only the measure of damages would be left for consideration by the court. Defendants deny that such findings are binding. The issue involved may be stated thus: Whether the Findings of Fact Made by the Contracting Officer Are Binding upon the Parties in This Action.

At the outset it will be helpful to summarize generally the respective contentions of the parties. The crux of plaintiff's argument is that the findings of fact are binding because the defendants failed to exhaust their administrative remedies which precludes them from now assailing the facts as found by the contracting officer. Defendants primarily contend that the disputes clause had no application to the controversy over the alleged breach since it arose after the expiration of the lease.

The initial inquiry is whether the disputes clause was applicable to this controversy. The court thinks that it was not. In United States v. Duggan, 8 Cir., 1954, 210 F.2d 926, the Government asserted certain claims against a contractor in a reorganization proceeding. The contractor had a contract to build gliders for the United States, which was terminated for default by the contractor. The disputes clause provided

that all disputes concerning questions of fact arising under the contract were to be decided by the contracting officer subject to written appeal by the contractor to the head of the department concerned or his duly authorized representative, whose decision was to be final and conclusive on the parties. In the meantime the contractor was to proceed with the work. The Court of Appeals had this to say:

> "Obviously, we think, this Article provided for nothing more than an administrative determination of questions of fact which might arise during the course of the performance of the contract and *prior to its termination*." 210 F.2d 926, at page 932 (emphasis added).

It was held that the district court was in error in concluding it had no jurisdiction to entertain the Government's claim because no administrative determination had been made as to the amount owed by the contractor upon the termination of the contract.

This decision by the Court of Appeals for the Eighth Circuit is controlling. The disputes clause involved here is identical in legal import. There is likewise a claim by the Government arising after the termination of the contract. Since the disputes clause did not govern this dispute the findings of fact made pursuant thereto are not binding in this action.

Available authority supports this position. In E. I. Du Pont De Nemours & Co. v. Lyles & Lang Const. Co., 4 Cir., 1955, 219 F.2d 328, 333, it was said:

> "The disputes clause was evidently intended to furnish a ready means of administrative settlement of questions arising during the performance of the contract which might delay or interfere with performance, not to provide for unilateral determination of the amount due under the contract upon its termination." 219 F.2d 328, at page 333.

See, also, Lundstrom v. United States, D.C.Or.1941, 53 F.Supp. 709.

■ In addition, the court agrees with the argument of defendants that the disputes clause has no application to actions for breach of contract. There can be little question but that this is a breach of contract action. The gist of the complaint is that defendants failed to comply with the terms of the lease. The prayer is for damages. In Silberblatt & Lasker Inc. v. United States, 1944, 101 Ct.Cl. 54, at page 81, the court said:

> "Such a dispute [breach of contract] the contracting officer is not authorized to decide finally; his authority is limited to disputes 'arising under the contract'; it does not extend to disputes over a breach of the contract * * *."

And in Boomer v. Abbett, 1953, 121 Cal. App.2d 449, 263 P.2d 476, the court held that a disputes clause was not applicable to questions arising out of a breach of contract. Citing numerous cases the court said:

> "[T]he cases interpreting federal contracts have clearly established that actions that amount to an actual breach of the contract are not covered by the 'disputes' article." 263 P.2d 476, at page 484.

For the reasons that the disputes clause applies neither to controversies arising after the termination of the contract nor to actions for breach of contract the court holds that the findings of fact made pursuant to the disputes clause are not final and binding in this action, and plaintiff's motion for partial summary judgment is denied.

■ A comment is in order regarding the Government's contention that the findings are binding because defendants failed to exhaust their administrative remedy. Even on the assumption that the findings of fact were authorized by the disputes clause the court could not acquiesce in this position. When defendants appealed the findings of fact to the Armed Services Board of Contract Appeals it was the Government who moved to dismiss the appeal. The Government argued that a finding of fact would not

be binding on the courts, that the contracting officer was attempting to assess damages in excess of his authority, that the Board had no authority to resolve unliquidated damage claims arising from breach of contract, that findings of fact in connection with such a claim would not serve any useful purpose.

It seems to the court that the Government is now in a weak position to urge that the findings of fact are binding because defendants failed to exhaust their administrative remedies. The bulk of the Government brief is devoted to establishing that the motion to dismiss was based on faulty grounds, that the burden was on the defendants to ascertain this before joining in the motion, and that for their failure to do so defendants must be foreclosed from challenging the findings of fact. Since it is unnecessary to the decision on the motion before the court no attempt will be made to dispose of all of the Government's arguments. A review of several cases will establish that the Government's position is unacceptable.

In Idaho Falls Bonded Produce & Supply Co. v. United States, 1952, 107 F. Supp. 952, 957, 123 Ct.Cl. 842, the plaintiff sued the United States for damages for breach of contract in failing to accept and pay for potatoes. The contract contained a disputes clause providing that the contracting officer should determine questions of fact and affording a right of appeal to the Secretary of War whose decision or that of his authorized agent should be final. When the contracting officer decided against the plaintiff, plaintiff appealed to the War Department Board of Contract Appeals. The Government made a motion to dismiss the appeal on the ground that there was no dispute as to any question of fact. Plaintiff withdrew its appeal. In the plaintiff's suit the Government argued that the plaintiff must fail because it did not exhaust its administrative remedies. The court said in disposing of this argument:

"[T]he Government may not rely upon a failure to pursue administrative remedies when it, itself, has taken the position that there was no * * * remedy available and its adversary has acceded to that contention."

While the Government in the instant case did not take the position that there was no remedy available it did argue the futility of pursuing the remedy. The court thinks that no valid distinction can be drawn between the cases, and that the Government here is precluded from setting up defendants' failure to exhaust their administrative remedies.

In United States v. Harvey, D.C.N.D. Tex.1954, 131 F.Supp. 493, 495, the United States brought suit to enforce a penalty for a "farm marketing excess" of cotton production under the terms of the Agricultural Adjustment Act, 7 U.S.C.A. § 1281 et seq. The defendant had been sent a notice indicating he would be given an acreage allotment for cotton during 1950. No notice of the allotment was ever sent the defendant as required by the statute and regulations. In 1950 the defendant grew cotton on seven or eight acres. In 1951, after the defendant had harvested and sold the 1950 crop, he was sent a penalty notice which informed him that he had been given no acreage allotment for 1950. The Government contended that the defendant was deprived of any defense since he failed to exhaust administrative recourse against the allotment. This contention was disposed of thus:

"In the face of this muddle, manifesting faulty administration of the law, the plaintiff is in a weak position to maintain the drastic viewpoint that defendant cannot be heard to question his liability in this suit because he failed to exhaust all administrative remedies for relief." at page 496.

The court does not pretend that this case is factually in point. But the action of the Government in this case is akin to the "muddle" outlined in the Harvey case. The steps taken by the Government here in moving to dismiss obviously were based upon its assessment of the

law as it existed at that time. If hindsight now reveals that this was a faulty assessment the Government should not be allowed to profit by its mistake at the expense of defendants.

It has been held that the fact that the Government has discouraged the taking of an appeal does not relieve one from the burden of exhausting administrative remedies. Burnham Chemical Co. v. Krug, D.C.D.C.1949, 81 F.Supp. 911 so held where an applicant for a prospecting permit failed to appeal to the Secretary of the Interior after lower officials had denied his application. But the Government's action in the instant case went far beyond the mere discouragement which was found in the Burnham case. Here there is an instance of positive action taken to defeat the appeal which the court feels liberated the defendants from an obligation to exhaust the administrative remedies.

Another case supporting the position of the court is Moen v. United States, 1954, 121 F.Supp. 677, 128 Ct.Cl. 579, which also presented the question whether administrative remedies had been exhausted. In an action against the United States arising out of renegotiation proceedings the issue was whether the plaintiff should have first appealed to the tax court. Plaintiff and the Government had both agreed that the plaintiff had no right to appeal to the tax court. It was held that such an agreement made the appeal unnecessary. The court said that had there been a controversy between the parties over whether or not the plaintiff came within the terms of the statute denying a right of appeal to the tax court then the controversy should have been presented in the first instance to the tax court for its determination. In the facts of the case at bar the joinder by the defendants in the motion to dismiss resulted in agreement between the Government and the defendants that such an appeal would have been fruitless. Upon the authority of the Moen case the court thinks that such agreement made the appeal unnecessary.

And in Fireman's Fund Insurance Co. v. U. S. Army LST 34, D.C.S.D.N.Y.1955, 132 F.Supp. 414, at page 415, the court said:

"[I]t would be improper to read a claimant out of court under a disputes clause if the claimant can show that any recourse to administrative procedure would have been vain, unavailable or inadequate."

Certainly as the situation appeared to the defendants in the instant case, keeping in mind the arguments advanced by the Government in moving to dismiss, the appeal proceedings were vain and inadequate. Had defendants merely made a unilateral determination of this a failure to exhaust the remedies could perhaps be set up against them. But where the Government supported them in this belief the court feels that defendants were justified in believing that further administrative action was unnecessary.

The Government in its brief seeks to establish the point that a failure to exhaust administrative remedies is fatal unless the Government itself prevented it, as was the case in United States v. Lennox Metal Manufacturing Co., Inc., D.C. E.D.N.Y.1954, 131 F.Supp. 717, where it was impossible to take an appeal because the contracting officer refused to make a record which meant that the contractor was unable to prepare a memorandum asserting the issues to be considered on appeal. The court does not agree that there must be an actual "prevention." As the cases discussed above disclose, certain conduct on the part of the Government which falls short of prevention is nevertheless sufficient to excuse further pursuit of administrative remedies.

The court has taken some time to comment on the question of exhaustion despite the fact that the decision rests upon a different ground. While it may be true that "those dealing with the Government must no doubt turn square corners" as asserted by Mr. Justice Frankfurter in his dissent in United States v. Blair, 321 U.S. 730, at page 738, 64 S.Ct. 820, 824, 88 L.Ed. 1039, it would

also seem to be a corresponding doctrine that the Government must not lead such persons down the path and thereafter argue that there was no right to follow.

The court believes that this is a proper case for the application of Title 28 U.S. C.A. § 1292(b). It has been estimated that it will take two to three weeks of the time of this court and of a jury to try the issues as framed by the pleadings.

If the court is in error in the decision here reached and it is concluded that the determination under the disputes clause is binding, the trial mentioned will be unnecessary. It would seem, therefore, and this court is of the opinion, that the order to be entered herein involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The order to be prepared by counsel for the defendants and submitted to the United States Attorney for his approval will therefore contain such a finding under the section of the Code just mentioned.