SILVERMAN BROTHERS, INC.,
Defendant, Appellant,

v.

UNITED STATES of America,
Plaintiff, Appellee.

No. 6118.

United States Court of Appeals First Circuit.

Nov. 15, 1963.

Richard W. Zacks, Providence, R. I., with whom Max Winograd, Providence, R. I., was on the brief, for appellant.

David L. Rose, Attorney, Department of Justice, with whom John W. Douglas, Asst. Atty. Gen., Raymond J. Pettine, U.

S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by defendant-appellant, Silverman Brothers, Inc., from a summary judgment entered on January 11, 1963 by the United States District Court for the District of Rhode Island in the amount of $29,277.84.

Following a decision of the Armed Services Board of Contract Appeals affirming the Contracting Officer's determination that defendant was in default in its government supply contract and that, pursuant to the default clause of said contract, defendant was liable for excess costs sustained by the government in the amount of $29,343.81 in procuring similar supplies elsewhere, the government brought this action in the United States District Court for the District of Rhode Island to recover from the defendant the excess costs.

The contract in issue, dated March 14, 1952, contained a standard disputes clause whereby the parties agreed that any dispute concerning a question of fact arising under the contract should be decided by the Contracting Officer with the right of appeal to the Secretary or his representative, i. e., the Armed Services Board of Contract Appeals.

As defendant had done before the Board (where a full trial-type hearing was held at which defendant was represented by counsel and witnesses for both sides appeared), it asserted in district court that the contract had been terminated without justifiable cause, that failure to perform was due to conflict in direction on the part of the government, and that replacement costs were exorbitant and unreasonable. After preliminary proceedings, the government moved for summary judgment on the basis of the administrative record and the Board's decision. Defendant resisted on the ground, *inter alia*, that it was entitled to a trial *de novo* in the district court.

The lower court ruled that the disputes clause of the contract precluded a trial *de novo* of the issues determined by the Board. It held that its function was limited "to a determination of whether the Board's decision of said issues is free from fraud, caprice, arbitrary conduct and bad faith, and whether it is supported by substantial evidence." The court found substantial evidence in the record to sustain the Board's decision that the Contracting Officer was justified in terminating defendant's contract for default thereunder, and that the replacement costs were not unreasonable. The court noted that the defendant failed to present to the Board any evidence to show that similar supplies could have been repurchased at a lower price. The government's motion for summary judgment was granted and, we believe, properly so.

The Wunderlich Act,[1] 41 U.S. C. §§ 321, 322 (1958) as interpreted by the Supreme Court in United States v. Carlo Bianchi, Inc., 373 U.S. 709, 718, 83 S.Ct. 1409, 1415, 10 L.Ed.2d 652 (1963), confines the district court, "in its con-

---

1. "§ 321. Limitation on pleading contract-provisions relating to finality; standards of review

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.

"§ 322. Contract-provisions making decisions final on questions of law

"No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board."

siColation of matters within the scope of the 'disputes' clause," to a "review of the administrative record under the standards in the Wunderlich Act and may not receive new evidence." In such a case the court is limited by the Act to determining whether the decision of the Board "is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

The defendant contends that the court was not bound by the Wunderlich Act because the two issues upon which it wished to present evidence—government justification in terminating the contract and the excess costs—are outside the scope of the disputes clause, as they arose out of and after the termination of the contract. Cases are cited by the defendant which hold, in effect, that the disputes clause is limited to disputes arising under a contract prior to its termination or breach. See, e. g., Jacobs v. United States, 239 F.2d 459 (4 Cir. 1956), cert. denied, 353 U.S. 904, 77 S.Ct. 666, 1 L. Ed.2d 666 (1957); E. I. Du Pont De Nemours & Co. v. Lyles & Lang Const. Co., 219 F.2d 328 (4 Cir.), cert. denied, 349 U.S. 956, 75 S.Ct. 882, 99 L.Ed. 1280 (1955); United States v. Duggan, 210 F. 2d 926 (8 Cir.1954); United States v. Heaton, 195 F.Supp. 742 (D.Neb.1961).

■ While most of the cases cited by defendant are distinguishable in some facet or other from the present case,[2] we prefer to follow the holdings in the Second Circuit that the disputes clause includes any dispute concerning a question of fact arising under the contract whether it arises during performance of the contract or after its completion. Moran Towing & Transportation Co. v. United States, 192 F.Supp. 855 (S.D.N.Y.1960), appeal dismissed, 290 F.2d 660 (2 Cir. 1961). See also Allied Paint & Color

Works, Inc. v. United States, 309 F.2d 133 (2 Cir.1962), cert. denied, 375 U.S. 813, 84 S.Ct. 41, 11 L.Ed.2d 48 (1963); United States v. Hamden Co-operative Creamery Co., 297 F.2d 130 (2 Cir. 1961).

The Court of Claims, which has consistently construed disputes clauses narrowly,[3] recently reviewed its position after being reversed by the Supreme Court in the Bianchi case and concluded: "We do not agree that disputed issues may not in any case legally arise after the contract has been completed." The court went on to hold that the disputes clause was applicable to a dispute arising after performance and after payment of a contract. Bar Ray Products Inc. v. The United States, No. 382–61, July 12, 1963.

In Allied Paint, supra, wherein a paint contractor brought a breach of contract action against the United States in district court after the Armed Services Board of Contract Appeals had decided against it, the Court of Appeals, in affirming dismissal of the complaint, stated at 138 of 309 F.2d:

"* * * Here, the issue on which appellant wants the district court to take additional testimony was squarely presented to the Contracting Officer and to the Board of Contract Appeals. There is nothing to indicate that appellant was precluded from introducing before the administrative tribunal whatever evidence it wished to present, and appellant does not claim to have any evidence not known of then and discovered afterwards. Moreover, appellant has failed to point out what additional testimony, not presented to the Board, it desires to present to the district court, * * *.

"Appellant should have presented all its evidence to the administra-

2. For example, in none of the above cases had either party submitted the dispute there involved to the agency board.

3. E.g., Wunderlich v. United States, 117 Ct.Cl. 92, rev'd, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113 (1951); Moorman v. United States, 82 F.Supp. 1010, 113 Ct. Cl. 159 (1949), rev'd, 338 U.S. 457, 70 S.Ct. 288, 94 L.Ed. 256 (1950); Joseph A. Holpuch Co. v. United States, 67 F. Supp. 945, 104 Ct.Cl. 254 (1945), rev'd, 328 U.S. 234, 66 S.Ct. 1000, 90 L.Ed. 1192 (1946).

**290**

tive board. If it had done so, the evidence would have been available both to the administrative tribunal and to the district court. Since the parties had proceeded through a full hearing before the Board of Contract Appeals, the district court was quite correct, under the circumstances here presented, in limiting its review to the record made before the administrative board. Cf. United States v. Hamden Co-op. Creamery Co., 297 F.2d 130, 133 (2d Cir. 1961)."

■ We find no merit in defendant's contention that the question as to whether the government was justified in terminating the contract involved a construction of the contract which the Board was without authority to make.

Judgment will be entered affirming the judgment of the district court.