**TENNESSEE VALLEY AUTHORITY,**
Plaintiff,

v.

**U. S. CARBON PRODUCTS, INC.,**
Defendant-Third-Party Plaintiff,

v.

**ROYAL FUEL CORPORATION,**
Third-Party Defendant.

Civ. No. 75–4–115.

United States District Court,
E. D. Illinois.

Nov. 15, 1976.
Motion To Set Aside Judgment
Dec. 30, 1976.

Herbert S. Sanger, Jr., Charles W. Van Beke, Robert E. Washburn, T. V. A., Knoxville, Tenn., for plaintiff.

Powless Law Office, Marion, Ill., for defendant-third-party plaintiff.

Kenneth W. Blan, Jr., Danville, Ill., for third-party defendant.

JUERGENS,* Senior District Judge.

## MEMORANDUM AND ORDER

Plaintiff brings this action to recover an amount, plus interest and costs, awarded to it in an administrative decision.

Defendant U. S. Carbon Products, Inc., by its agent, Royal Fuel Corporation, entered into a contract with Tennessee Valley Authority for the purchase and sale of 4,000 tons of coal—deliveries to begin on November 12, 1973, and to continue at the rate of 1,000 tons per week for four consecutive weeks through December 8, 1973. Contract No. 74P–63–S26 was entered into on November 9, 1973.

Defendant failed to deliver the coal, and plaintiff purchased replacement coal from the open market at a higher price than was provided for by the contract. Thereafter, plaintiff determined that there was a dispute under the terms of the contract and submitted same for consideration to the contracting officer. The matter was considered by the contracting officer and his decision in writing was rendered, finding that the defendant was in default in its coal delivery obligations in the full amount of 4,000 tons and found that the damages suffered by TVA due to the default were $7,480. A copy of this decision was sent to the defendant in care of its agent, Royal Fuel. The decision was accompanied by a letter, which notified the defendant of its right under the contract to appeal the contracting officer's decision to the TVA general manager within 30 days from receipt of the decision. No appeal was taken.

Defendant filed its third-party complaint against Royal Fuel Corporation, alleging, among other things, that the third-party defendant failed to notify the defendant, third-party plaintiff, of the decision of the contracting officer and failed to forward the notice of the entry of the decision by the contracting officer and the notice of its right to appeal from the decision; that accordingly the third-party defendant is liable to third-party plaintiff for any damages and costs that may be adjudged against it and in favor of Tennessee Valley Authority.

Third-party defendant, Royal Fuel Corporation, filed its motion to dismiss the complaint and third-party complaint for failure of the complaint to state a claim upon which relief can be granted, for the reasons:

That the complaint demands judgment on the basis of the decision of the hearing officer which the complaint states to be final and conclusive, but third-party defendant alleges that the plaintiff misconstrues its claim for relief as being one founded on the decision of the hearing officer and as a matter of law he was without authority to render an enforceable decision.

That the complaint considered as a whole shows that the cause of Carbon Products' non-performance was an Act of God by reason of which the performance was excused and that by TVA's refusal to grant a further extension of time within which performance could be accomplished, the contract was terminated by operation of law and the seller's obligation to perform constituted a full and complete excuse of the seller from any liability which would otherwise have arisen by reason of non-delivery under the contract.

Further, that the termination of the contract terminated all powers of the contracting officer to determine disputes arising under the contract, and the contract between the parties is void as against public policy.

That the decision of the contracting officer ignores facts which do not support his employer's position and is void and cannot be considered as binding on the parties and that if the contract was ended by operation of law upon TVA's refusal to grant a further extension of time, then the seller's failure to respond to buyer's demands for payment was not a dispute

---

* Senior United States District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

arising under the contract and could not have been made the basis for reference to a hearing officer of the question of the seller's liability, and his decision is therefore without the contract and is irrelevant.

TVA files its motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, Title 28 U.S.C., asking summary judgment in its favor for the principal sum of $7,480, plus interest at the rate of 6% from the date of judgment until paid, together with 5% interest on the principal sum from June 27, 1975, until the date of judgment, on the ground that the pleadings and stipulation filed herein show that there is no genuine issue as to any material fact and TVA is entitled to judgment as a matter of law.

Plaintiff and defendant entered into a stipulation, wherein it was stipulated that:

Tennessee Valley Authority (hereafter TVA) is an agency of the United States of America.

Defendant U. S. Carbon Products, Inc. (hereafter U.S.C.P.), is a corporation organized and existing under the laws of the State of Illinois and was licensed to do and was doing business in the State of Illinois and in this judicial district.

U.S.C.P., by its agent Royal Fuel Corporation (hereafter Royal), offered by bid dated November 7, 1973, to supply to TVA 4,000 tons of coal, to be shipped by rail, f. o. b. Marion, Illinois.

Royal, as U.S.C.P.'s agent, was authorized to enter into the contract and to accept correspondence from TVA with respect to the contract.

The bid was accepted by TVA and Contract No. 74P–63–S26 (hereafter contract) was entered into between U.S.C.P. and TVA for the delivery of 4,000 tons of coal. Deliveries under the contract were to begin November 12–17, 1973, and continue at a scheduled rate through December 8, 1973.

Exhibit A to TVA's complaint is a true and complete copy of the contract. The contract was lawfully entered into and is binding at all times relevant herein.

The contract expired on January 26, 1974, with a deficiency of 4,000 tons; no coal was ever delivered to TVA.

Pursuant to paragraph 14(d) of the contract, TVA purchased 4,000 tons of coal to replace all of that which the contractor failed to deliver.

TVA purchased replacement coal under six contracts and the average cost per ton of replacement coal was $9.40, or $1.87 higher than the contract price of coal—$7.53.

The disputes clause is as follows:

DISPUTES. (a) Any dispute arising out of or connected in any way with any obligation of the parties arising out of the performance or nonperformance of the contract whether arising before or after completion of performance including disputes as to any alleged violation or breach thereof, shall be decided by the Contracting Officer on the basis of the contract file and any other facts which he may deem pertinent. The Contracting Officer shall reduce his decision to writing and promptly mail or otherwise furnish a copy thereof to the Contractor. Within thirty (30) calendar days from the receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to TVA's General Manager. After the filing of such an appeal, the General Manager or a representative or representatives designated by him shall conduct a hearing at which both TVA and the Contractor shall be afforded an opportunity to be heard and to offer evidence relating to the dispute. The General Manager or his representative or representatives shall arrive at a decision upon the basis of the evidence presented at the hearing.

(b) The decision of the General Manager or his representative or representatives shall be final and conclusive upon the parties except on questions of law or unless determined by a court of competent jurisdiction to have been fraud-

ulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence; provided, that until such time as an appeal is taken to the General Manager and he (or his representative or representatives) renders a decision, the decision of the Contracting Officer shall govern the respective rights and obligations of the parties as to the matter in dispute and the Contractor shall proceed diligently with the performance of the contract in accordance with said decision; and provided further, that if no appeal to the General Manager is made within the time and in the manner prescribed above, the decision of the Contracting Officer shall be final and conclusive upon the parties.

Because of defendant's failure to reimburse TVA for its excess costs, a dispute within the meaning of the contract was deemed to exist and defendant's agent Royal was notified that the contracting officer would render a decision under the DISPUTES clause of the contract. On May 23, 1975, the contracting officer rendered his final decision, finding that defendant was in default of its coal delivery obligations in the amount of 4,000 tons and that the damages suffered by TVA due to defendant's default were $7,480.

A copy of the decision was sent to U.S.C.P. in care of its agent Royal. The letter stated that U.S.C.P. had the right under the contract to appeal the contracting officer's decision to TVA's general manager within 30 days from receipt of the decision. No appeal was or has been taken by the defendant.

■■ As was stated in *Tennessee Valley Authority v. Mason Coal, Inc.,* 384 F.Supp. 1107 (D.C.E.D.Tenn.1974), the contract between TVA and the defendant is governed by federal law, not the laws of the State of Tennessee—(here, the State of Illinois). TVA is an arm of the federal government and an agency performing wholly governmental services. As an instrumentality and

agency of the government of the United States for the purpose of executing its constitutional powers, TVA is exempt by the Supremacy Clause of the Constitution for any regulation or control of any state statute, unless Congress otherwise affirmatively consents. *Tennessee Valley Authority v. Mason Coal, Inc.,* 384 F.Supp. 1107.

Congress has not consented to the application of state statutes to create defenses to or escape performance of the obligation of a contract with TVA. Congress has vested TVA with the power of defining the terms and conditions by which its contracts shall be governed and has excluded the operation of state laws absent adoption thereof by TVA.

In entering into the contract, defendant expressly agreed that all factual determinations as to a claimed excuse were to be decided under the DISPUTES procedure of the contract. By stipulation it is admitted that defendant failed to exhaust the procedures provided by the DISPUTES clause.

In *Silverman Brothers, Inc. v. United States,* 324 F.2d 287 (1st Cir. 1963), the Court had for consideration the question of whether or not disputes clauses are outside the scope of the contract if the disputes arose out of but after the determination of the contract. There the Court stated:

> While most of the cases cited by defendant are distinguishable in some facet or other from the present case, we prefer to follow the holdings in the Second Circuit that the disputes clause includes any dispute concerning a question of fact arising under the contract whether it arises during performance of the contract or after its completion.

■ The Court finds that, under the circumstances under consideration, it was intended by the parties that the disputes clause should be followed by either party for any disputes arising out of or concerning the contract. It is admitted that there was a total failure on the part of the defendant to deliver in accordance with the terms of the contract, and it was, therefore,

proper for the matter to be referred to the contracting officer, as provided by the contract. The matter was referred to the contracting officer for his determination as to whether or not a breach had occurred and for the assessment of damages. The contracting officer determined there was a breach and that damages were suffered and assessed those damages. No appeal having been taken as provided in the contract, this finding became binding on both plaintiff and defendant. Even though the matter was not referred for decision by the contracting officer until after the time for completion of the contract and the contract had been cancelled for failure of performance by defendant, it was nevertheless subject to the provisions of the contract because the matter in question arose out of the contract.

Under the contract the defendant's claim was subject only to administrative, not judicial, determination in the first instance, with the right to resort to the courts only upon the making of that administrative determination. As was stated in *Crown Coat Front Co. v. U. S.*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1966), the Supreme Court stated:

> It is now crystal clear that the contractor must seek the relief provided for under the contract or be barred from any relief in the courts.

■ Third-party defendant's claim that the contract is against public policy is without merit. Federal law controls the interpretation of the contract since the contract was entered into pursuant to authority conferred by federal statute and ultimately by the Constitution. *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1969). The Federal courts have long held such contracts to be valid and not contrary to public policy.

■ The argument that non-performance was covered by an act of God, by reason of which performance was excused, does not support third-party defendant's position under the terms of the contract.

Paragraph 14 of the contract provides for relief for variations, delays and interruptions in deliveries and paragraph (c) thereof specifically refers to failure of delivery for reasons such as acts of God, floods, . . . , and further provides that any disputes arising under the paragraph are to be determined in accordance with the provisions of Section 18 (the DISPUTES clause). The matter was submitted to and considered by the contracting officer under the DISPUTES clause and his decision was rendered.

The Court finds that the third-party defendant's motion to dismiss should be denied.

The Court further finds that the contract entered into between plaintiff and defendant was a valid and binding contract; that the contract provided a method for the settlement of disputes; that the dispute was settled in accordance with the provisions of the contract; the findings reached by the contracting officer are valid and binding and, since no appeal was taken as provided in the contact, the decision is final. Such being the case, there is no question of fact in dispute to be considered. Plaintiff is entitled to judgment as a matter of law and summary judgment for the plaintiff should be entered.

■ Plaintiff's prayer for pre-judgment interest has not been substantiated and is hereby denied. Plaintiff's prayer for post-judgment interest will be allowed as a matter of law.

IT IS, THEREFORE, THE ORDER of this Court that the motion of the third-party defendant to dismiss be and the same is hereby denied.

IT IS THE FURTHER ORDER of this Court that the motion of the plaintiff for summary judgment should be and the same is hereby allowed, and judgment be and the same is hereby entered in favor of the plaintiff, Tennessee Valley Authority, and against the defendant, U. S. Carbon Products, Inc., in the amount of Seven Thousand, Four Hundred Eighty Dollars ($7,480), with interest from the date of

judgment as provided by law, together with costs. Execution to issue.

## ON MOTION TO SET ASIDE JUDGMENT

This cause was heretofore before the Court on plaintiff's motion for summary judgment against the defendant, U. S. Carbon Products, Inc.

On November 15, 1976, this Court entered an order granting summary judgment for the reasons stated therein. On November 23, 1976, Royal Fuel Corporation, third-party defendant, filed its motion to set aside the judgment entered on November 15, 1976.

The Court has considered its prior memorandum and order and the accompanying documents, all in the light of third-party defendant Royal Fuel Corporation's motion for relief from judgment, and finds that the motion should be denied.

Rule 5(b) of the Rules of Civil Procedure of the United States District Court for the Eastern District of Illinois provides:

"* * *. Oral argument will not be granted as a matter of course or right. * * *"

The Court has exercised its discretion and denied oral argument in the previous and the present motion.

IT IS, THEREFORE, THE ORDER of this Court that the motion of Royal Fuel Corporation, third-party defendant, for an order, setting aside the judgment entered herein on November 15, 1976, be and the same is hereby denied.