## THE ROAH HOOK.

### ROAH HOOK BRICK CO. v. ERIE R. CO.
### No. 16958.

District Court, E. D. New York.
Oct. 4, 1945.

Miles F. McDonald, U. S. Atty., of Brooklyn, N. Y., in support of exceptions.

Hagen & Eidenbach, of New York City (Charles W. Hagen, of New York City, of counsel), for respondent.

KENNEDY, District Judge.

The libel alleges that on September 7, 1943, libelant delivered its scow Roah Hook to respondent Erie Railroad Company, and that the scow was redelivered in badly damaged condition. Respondent Erie Railroad Company by its amended petition seeks to implead (among others) the United States of America. The allegations of the petition are that on November 10, 1943, pursuant to instructions from agents of respondent United States of America, Roah Hook was delivered alongside S. S. Will Rogers at Pier 36 North River, New York City. Apparently, at the time of her arrival the only berth available for the scow was at the end of Pier 36. It is alleged that while she was at Pier 36 Roah Hook was exclusively in the custody of and under the control of the personnel of S. S. Will Rogers, which is a public vessel. After various shifting operations Roah Hook was finally placed in a tier at the end of Pier 36, and on the early morning of November 12, 1943, the entire tier broke adrift, went down the North River on the ebb tide, and struck Piers 21 and 22 North River.

Respondent United States excepts to the libel. It urges that the only possible statutory basis of jurisdiction is Public Vessels Act, March 3, 1925, c. 428, 43 Stat. 1112, 46 U.S.C.A. §§ 781–790. It says that the mere delivery of Roah Hook in the vicinity of the berth at which S. S. Will Rogers lay created no contractual obligation on the part of respondent. This may be so. But the petition under attack affirmatively alleges negligence on the part of the personnel of S. S. Will Rogers. It is quite specific about this. At one point it alleges that the United States is impleaded because its servants carelessly and negligently permitted the Roah Hook to lie in a dangerous and insecure position.

It is now established (Canadian Aviator, Ltd., v. United States, 324 U.S. 215, 65 S.Ct. 639, decided February 26, 1945) that the Public Vessels Act permits the assertion of liability in admiralty against the United States, not only where the vessel itself is the offending thing and has physically caused the damage, but also where there has been negligence on the part of a crew of a public vessel. In that case the claim was that a public vessel had acted as a guide for libelant's ship and had led it into a submerged wreck to its damage. The court used the analogy of a tower's liability and reversed the Circuit Court which held that since there had been no physical contact between the vessels there could be no liability under the Public Vessels Act.

It is not for me to say at this stage of the case whether it is likely or unlikely that respondent Erie Railroad Company can establish everything it says in its

petition. I must take these allegations as true, and must give them the benefit of fair intendment. The averments of negligence alone make the petition sufficient. It is therefore unnecessary for me to decide whether a bailment arises when a scow is placed alongside of a vessel, a question which was vigorously debated by counsel in the brief. It is sufficient now to say that if the allegations of the petition are established it is for the trial judge to say what conclusions of law flow from the facts.

The exceptions are overruled.