**Nina SIMONOWYCZ, Plaintiff,**
v.
**UNITED STATES of America, Defendant.**

**Civ. No. 30751.**

United States District Court,
N. D. Ohio, E. D.

July 14, 1954.

Owen C. Neff, Cleveland, Ohio, for plaintiff.

John J. Kane, Jr., Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

By its motion to dismiss the defendant has challenged several defects in plaintiff's complaint.

■ First, the plaintiff has stated that her claim "arises under and by virtue of Title 28, U.S.C.A., Section 1346(b), commonly known as the Federal Tort Liability Act of 1947". This statement is erroneous in that Title 28 U.S.C.A., § 1346(b) is subject to Title 28 U.S.C.A., § 2680(d), Ch. 171, which in essence excludes claims arising under § 1346(b) when there is a remedy available to the claimant under Title 46 U.S.C.A., § 781 et seq., commonly known as the Public Vessels Act. Since the U. S.N.S. General A. W. Greely, the ship involved in the complaint, was being operated as a public vessel at the time of the plaintiff's alleged injury, the plaintiff's sole remedy must be sought under Title 46 U.S.C.A., § 781 et seq. See American Stevedores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011, 1947 A.M.C. 349, and Atlantic Coast Line R. Co. v. Agwilines, Inc., 5 Cir., 195 F.2d 459.

■ Second, the plaintiff has not complied with the provisions as to venue of

suit set forth under Title 46 U.S.C.A., § 782, which direct that the suit shall be brought "* · * * in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, or if such vessel or cargo be outside the territorial waters of the United States, then in the district court of the United States for the district in which the parties so suing, or any of them, reside or have an office for the transaction of business in the United States; * * *." As supported by affidavit, the U.S.N.S. General A. W. Greely is now and has been as of the time of filing the complaint, in New York Harbor and will continue to be for an indefinite period of time.

Third, plaintiff has failed to satisfy Title 46 U.S.C.A., § 785 by showing that American Nationals could sue on the same basis in Poland.

Thus, having failed to comply with the above named sections, the complaint must be dismissed, and it is so ordered.