**FIREMAN'S FUND INSURANCE COMPANY, Libelant,**

v.

**The U. S. ARMY LST 34, her engines, boilers, etc., and United States of America (United States Army, Department of Defense), Respondent.**

United States District Court
S. D. New York.

Feb. 24, 1955.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, proctors for libelant, by Yorkston W. Grist, Elmhurst, N. Y., of counsel.

J. Edward Lumbard, U. S. Atty. for the S. Dist. of N. Y., by William H. Postner, New York City, of counsel, proctor for respondent.

PALMIERI, District Judge.

This is a libel against the United States under the Public Vessels Act, 46 U.S.C. § 781 et seq., for loss and damage to cargo resulting from the alleged negligent stranding of the U. S. Army LST 34 at the Ryukyus Islands in January 1949. Libelant is asserting the claim of its subrogor, Yu Kimteng Construction Corporation, to which it issued its policy of insurance. Yu Kimteng, a Philippine company, entered into a contract with the U. S. Army Purchasing and Contracting Division, to reconstruct an Army hospital on Okinawa. A shipment of hardware and other materials of Yu Kimteng was alleged to have been taken aboard U. S. Army LST 34, which left Manila for Okinawa on January 15, 1949. On January 23rd, she became stranded on reefs around the Island of Yaema in the Ryukyus. As a result, the cargo was allegedly damaged and some of it lost. The libelant moves here to dismiss certain exceptions to the libel.

First, the respondent has excepted to the libel on the ground that libelant is barred from maintaining this action by the "disputes" clause of the contract which provides as follows:

"Article 14.—Disputes.—Except as otherwise specifically provided in this contract, all disputes concerning questions of fact arising under this contract, which are not disposed of by mutual agreement, shall be decided by the Contracting Officer, subject to written appeal by the Contractor within thirty (30) days to the Commanding General, RY-COM, or the successor of his functions, whose decision or that of a duly designated board or representative, shall be final and conclusive upon the parties hereto. Pending a decision of a dispute hereunder, the Contractor shall diligently proceed with the performance of the contract."

Whether this clause is sufficient to bar the libel depends upon a careful examination of the entire course of conduct between Yu Kimteng and the representatives of the United States Army. The respondent argues that the above-quoted clause provides an exclusive administrative remedy, at least with respect to the factual aspects of the case, and that since the libelant has not availed itself of it, it cannot maintain this suit. On the other hand, the libelant argues that it would have been futile to have attempted any compliance with the clause because the claim of Yu Kimteng was rejected by the Army on legal grounds; and moreover, that certain conduct and correspondence of the Army representatives was of such a misleading nature as to warrant a finding by the court that the respondent has waived its right to assert this clause as a bar, and further, that it is estopped from asserting it.

An examination of the papers before me convinces me that the record is inadequate and incomplete. Under such circumstances, it would not be consistent with the traditional liberality of admiralty practice to make a summary disposition of this case by sustaining the exceptions. See Suspine v. Compania Transatlantica Centroamericana, D.C.S. D.N.Y.1940, 37 F.Supp. 268. Short of a trial, I do not believe that an appropriate ruling can be made with respect to the applicability of the disputes clause. While it is true that "those dealing with the Government must no doubt turn square corners", see United States v. Blair, 1944, 321 U.S. 730, 738, 64 S.Ct. 820, 824, 88 L.Ed. 1039, it is equally true that it would be improper to read a claimant out of court under a disputes clause if the claimant can show that any recourse to administrative procedure would have been vain, unavailable or inadequate. See United States v. Blair, supra 321 U.S. at page 736, 64 S.Ct. at page 823; Southeastern Oil Florida,

Inc., v. United States, Ct.Cl.1953, 115 F.Supp. 198, 201. Upon the facts adduced before me, I am convinced that a proper ruling with respect to the applicability of the disputes clause in this case cannot be made short of a trial.

 The respondent has also excepted on the ground that since the Public Vessels Act, 46 U.S.C. § 785, bars suit by a foreign national unless it appears that his government under similar circumstances allows United States nationals to sue in its courts, the absence of an allegation in the libel to this effect constitutes a jurisdictional bar to the suit. The libelant has answered this exception by seeking leave to amend so as to include such an allegation; and it has submitted, in support of its probable proof at a trial, a photostatic copy of a letter from the Assistant Legal Adviser of the United States Department of State, quoting from a communication of the Philippine Secretary of Justice, stating, in effect, that the required reciprocity does exist. In view of this, I believe that leave to amend should be granted so that appropriate proof on the question of reciprocity can be submitted to the trial court. I cannot agree with respondent's contention that the absence of this allegation is fatal to the libelant's suit and that an amendment at this time, more than two years after the statutory period, 46 U.S.C. § 745, would be tantamount to an improper revival of jurisdiction. In Lauro v. United States, 2 Cir., 1947, 162 F.2d 32, this question was considered. In the libel in that case, the libelant alleged her foreign nationality at the time of the accident but there was neither allegation nor proof of reciprocity under 46 U.S.C. § 785. In its brief before the Court of Appeals, the United States asserted its immunity from suit and urged as error the libelant's failure to plead or prove reciprocity of suit as required by the statute. More than three years elapsed between the filing of the libel and the decision on appeal. The Court of Appeals permitted the libelant, on a remand to the District Court, to submit proof of foreign law and to amend the libel, if necessary; and upon a showing of her right to sue, the Court of Appeals held that the judgment recovered should stand. I believe that the holding in this case provides ample authority for permitting the libelant to amend as requested and to offer proof of Philippine law upon the trial.

Motion to dismiss exceptions to the libel granted with leave to libelant to amend its libel as prayed for; without prejudice, however, to the right of the respondent to raise before the trial court the questions discussed in the opinion.