Toni **FLOHR**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 6372.

United States District Court
N. D. New York.

Submitted Nov. 12, 1957.

Decided Nov. 14, 1957.

Robert Z. Srogi, Syracuse, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., for United States.

BRENNAN, Chief Judge.

Although not alleged with the desired accuracy, it is apparent that plaintiff bases her action upon the provisions of Title 28 U.S.C.A. Sec. 1346(b) and related sections, all of which are familiarly known as the Federal Tort Claims Act.

The complaint in substance charges that on the 9th day of December 1955, the plaintiff, a citizen of Poland, sustained bodily injuries through the negligence of the agents of the defendant while she was a passenger upon the vessel known as the General W. C. Langfitt. She seeks a money judgment. The allegations are sufficient to show that the vessel itself was operated and controlled by the defendant and that the accident, causing the injury, occurred while the vessel was en route from Europe to New York City.

The contention of the defendant on this motion is to the effect that jurisdiction in this court is excluded by the express provisions of Title 28 U.S.C.A. Sec. 2680(d). In other words, defendant contends that plaintiff's cause of action, if any, is one which is cognizable under the provisions of Title 46 U.S.C.A. Sec. 781, etc., commonly known as the Public Vessels Act. No question is raised but what the ship involved was being operated as a public vessel at the time of the accident.

It is fundamental that a federal court has only the jurisdiction given by statute. It is equally clear that Title 28 U.S.C.A. Sec. 1346(b), which confers jurisdiction on this court in the matter of tort claims against the United States, is limited by the express provisions of Title 28 U.S.C.A. Sec. 2680(d). The problem then is to determine whether a remedy is provided the plaintiff by the provisions of the sections referred to in the restricting or excepting provisions of Title 28 U.S.C.A. Sec. 2680.

The answer to the posed question is settled by a number of decisions which have uniformly held that the Public Vessels Act (Title 46 U.S.C.A. Sec. 781, etc.) permits the assertion of liability in admiralty against the United States where the negligence of its agents has caused personal injury. Canadian Aviator, Ltd. v. U. S., 324 U.S. 215, at page 224, 65 S. Ct. 639, 89 L.Ed. 901; American Stevedores v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011; Johansen v. U. S., 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Woodbury v. U. S., D.C., 75 F.Supp. 829; The Roah Hook Brick Co. v. Erie R. Co., D.C., 64 F.Supp. 288. See also Atlantic Coast Line R. Co. v. Agwilines Inc., 5 Cir., 195 F.2d 459. The decision in the case of Simonowycz v. U. S., D.C., 125 F. Supp. 847, seems to be directly in point.

In the brief submitted by the plaintiff, reference is made to the provisions of Title 46 U.S.C.A. Sec. 785 which provides in effect that no action may be brought under the provisions of the Public Vessels Act by a national of a foreign government unless a reciprocal right to sue is provided by the country of which the plaintiff is a national.

The complaint contains no allegation which in any manner alleges that the above provision is applicable in this particular case or that the remedy afforded by the Public Vessels Act is not available to this plaintiff. The non-existence of such a reciprocal right of suit would seem to be a jurisdictional bar to an action in admiralty. Fireman's Fund Ins. Co. v. U. S. Army LST 34, D.C., 132 F.Supp. 414.

If Title 46 U.S.C.A. Sec. 781, etc., affords no remedy to the plaintiff by reason of the above provision (Sec. 785), then the availability of the Tort Claims Act becomes a matter of contention or argument. Such a problem, if it exists, lurks too far in the background and will not be determined here both because it does not appear in the pleadings and

same, while raised in the manner above referred to, has not been urged or briefed by either party.

The motion to dismiss for lack of jurisdiction is granted, and it is

So ordered.