Margherita MANCINI, as Administratrix of the goods, chattels and effects of Vincenzo Mancini, deceased, Libelant,

v.

UNITED STATES of America, Respondent.

No. 20658.

United States District Court
E. D. New York.

July 10, 1958.

**690**

Di Costanzo & Klonsky, Brooklyn, N. Y., for libelant, by Philip Di Costanzo, Brooklyn, N. Y., Advocate.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for United States, by Robert D. Klages, Asst. U. S. Atty., New York City.

BYERS, Chief Judge.

This is a hearing on exceptive allegations to a libel filed January 29, 1958.

The cause pleaded is the frequent one of personal injury resulting in death by the libelant's decedent, while in the employ of American Stevedores, Inc. on July 23, 1957, on which date the decedent was functioning as a longshoreman on the SS Marine Fiddler, then lying at a pier at the Brooklyn Army Base.

Article First proclaims that the libelant "was and still is a citizen of the Republic of Italy, and a resident of the Borough of Brooklyn, County of Kings, City and State of New York."

█ The exceptive allegation states that the Marine Fiddler was a United States Naval Ship at the time that the decedent sustained his injuries, and that it was "publicly owned and operated and employed in a public function, namely, the transportation of military personnel and the carriage of military cargo for the armed forces of the United States."

The following provision from the Public Vessels Act, 46 U.S.C.A. § 781 et seq., is quoted:

"No suit may be brought under sections 781–790 of this title by a national of any foreign government unless it shall appear to the satisfaction of the court in which suit is brought that said government, under similar circumstances, allows nationals of the United States to sue in its courts." Sec. 785.

There is no allegation in the libel which purports to meet the foregoing requirement.

The case of Maiorino v. U. S., D.C., 111 Fed.Supp. 817, is a decision in a case which cannot be distinguished from this in any essential respect. It decides that the court lacked jurisdiction because the proof in the case did not meet the statutory requirement which has been quoted.

█ Since the case was argued, the proctors for libelant have furnished a so-called certified statement of law issued by the Consul General of Italy in this city, but that statement cannot be deemed to supply the deficiency in the pleading to which the exceptive allegations are addressed.

The latter are therefore sustained, with leave to file an amended libel within twenty days after the entry of an order upon this decision.

It will be realized that this is a matter which should not be finally disposed of without giving the libelant an opportunity to offer competent evidence to support the jurisdiction of the court under the requirements of the Public Vessels Act.

Settle order.