Fidel Catarino BLANCO, as Administrator of the goods, chattels and credits of Catarino Blanco, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

78 Civ. 3047 (IBC).

United States District Court, S. D. New York.

Feb. 14, 1979.

Zwerling & Zwerling, Rassner, Rassner & Olman, New York City, for plaintiff; Donald D. Olman, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, Gilbert S. Fleischer, Torts Branch, Civ. Div., U. S. Dept. of Justice, New York City, for United States; Christopher H. Mansuy, New York City, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

The decedent, a United States citizen, was employed by defendant, United States Government, as a seaman and crew-member aboard the USNS Sealift Atlantic in April, 1977 when the incidents allegedly leading up to his wrongful death at forty-eight occurred. While the vessel was in the mid-Atlantic the decedent became hysterical, suffering from hallucinations that people were trying to kill him.

The Master of the ship directed that the decedent be confined under guard in the ship's hospital. He escaped confinement on several occasions in the next few hours; on April 16, 1977 he went overboard and disappeared.

On October 17, 1977, plaintiff, one of the decedent's sons and ultimately the administrator of his estate, filed a suit in admiralty for recovery of damages for wrongful death and conscious pain and suffering. Plaintiff alleges that the wrongful death was caused by the negligence of defendant, its officers, agents, servants and employees by reason of their failure to exercise due care in restraining the decedent; further, that the vessel was unseaworthy.

By stipulation of the parties, plaintiff filed a second complaint on July 6, 1978; it differed from the first only in that plaintiff alleged his own United States citizenship, and that he had been granted Limited Letters of Administration by the Surrogates Court (Bronx County) for the purpose of filing this suit.

Defendant has raised affirmative defenses in its answer: (1) Plaintiff and/or the persons in whose behalf plaintiff has brought suit are foreign nationals whose government does not allow suits by nationals of the United States in its own courts under similar circumstances. Thus, the court lacks jurisdiction over the matter by virtue of the fact that the United States Government has not waived its sovereign immunity under the statutes invoked by the plaintiff; (2) decedent was contributorily negligent; (3) the negligence of third parties; (4) Plaintiff lacks capacity to sue on behalf of decedent's survivors due to improper evidence of fiduciary power; and (5) the second cause of action (for conscious pain and suffering) fails to state a claim for relief inasmuch as decedent committed suicide.

Plaintiff moves to strike defendant's first and fourth affirmative defenses; defendant cross-moves to dismiss the complaint.

## THE STATUTORY REQUIREMENTS FOR JURISDICTION HAVE NOT BEEN MET.

■ This complaint alleges that jurisdiction over the claim is based on "the Public Vessels Act, 46 U.S.C.A. § 781 et seq., or, alternatively, the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq." Both of these statutes constitute a waiver by the United States Government of its sovereign immunity against suits arising out of maritime incidents, subject to the requirements of the provisions of each statute.

Section 781 of the Public Vessels Act (the PVA) provides that:

A libel in personam in admiralty may be brought against the United States . . . for damages caused by a public vessel of the United States . . . . .

Section 785 of the PVA, the "reciprocity clause," limits recovery as follows:

No suit may be brought under this chapter by a national of any foreign government unless it shall appear to the satisfaction of the court in which suit is brought that said government, under similar circumstances, allows nationals of the United States to sue in its courts.

The special requirements for recovery under the PVA include (1) that the vessel be a "public vessel," (2) that the libelant(s) be United States citizens, or (3) if libelants are foreign nationals, that they prove reciprocity for similar suits by United States citizens under the laws of their own countries.

Alternatively, the complaint seeks jurisdiction under 46 U.S.C.A. § 741 et seq., the Suits in Admiralty Act (the SIAA) which also waives the sovereign immunity of the Government under the following conditions:

§ 742. In cases where if such vessel were privately owned or operated . .

a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States . . . . .[1]

The determination whether a proceeding could be maintained "if such vessel were privately owned or operated" leads to other relevant federal statutes, e. g., the Jones Act, 46 U.S.C.A. § 688, and the Death on the High Seas Act (the DOHSA), 46 U.S. C.A. § 761 et seq., important provisions of which will be discussed shortly. Suffice it to say now that certain provisions of these statutes supplement the PVA and the SIAA by allowing recovery for wrongful death, by enumerating the list of those entitled to bring claims, and by designating the beneficiaries who may recover under these Acts.

■ The admiralty statutes are intended to be read together to provide all-embracing federal admiralty remedies for personal injury and property damage. The SIAA and the PVA are not to be regarded as discrete enactments treating related situations in isolation. *Calmar S.S. Corp. v. United States,* 345 U.S. 446, 455, 73 S.Ct. 733, 97 L.Ed. 1140 (1953). The SIAA and the subsequently adopted PVA are complementary jurisdictional statutes providing for admiralty suits against the United States. *Aliotti v. United States of America,* 221 F.2d 598, 602 (9th Cir. 1955).

■ The provisions of the SIAA supplement the PVA, and the SIAA further incorporates provisions of the Jones Act and the DOHSA. These statutes, taken together, supply the elements of causes of action under Federal Admiralty Law.

Plaintiff's complaint alleges he is a citizen of the United States, and a duly appointed administrator of decedent's estate pursuant to a decree of the Surrogates Court (Bronx County) awarding plaintiff Limited Letters of Administration. It is

1. "Such vessel" refers to § 741 which defines the protected category of vessel as: [Any] vessel owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States or of such corporation or operated by or for the United States or such corporation . . . .

undisputed that all the decedent's other heirs at law, his wife and twelve (12) other children (besides the plaintiff) are Honduran nationals. Ten of the children are infants, three (including the plaintiff) are adults. Plaintiff seeks damages for wrongful death under the authority of the PVA, § 781 et seq.

■ Two cases joined by the Supreme Court allow a cause of action for personal injury under the PVA. *American Stevedores, Inc. v. Porello, U. S. v. Lauro,* 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947). In *Lauro,* where death occurred within the territorial waters of a state allowing recovery for wrongful death based on a maritime tort, the Supreme Court allowed recovery for wrongful death under the PVA. Recovery for wrongful death on the high seas may be maintained under DOHSA and the Jones Act.[2]

The question remains: Is jurisdiction under the PVA established in this case? The contest is joined over 46 U.S.C.A. § 785, the reciprocity clause, stated in full, *supra.*

Defendant's first affirmative defense consists of a denial of jurisdiction under 46 U.S.C.A. § 785:

Plaintiff, and/or the persons in whose behalf Plaintiff has brought suit are foreign nationals whose government does not allow suits by nationals of the United States in its own courts under the circumstances alleged in the complaint.

This court lacks jurisdiction of this matter by virtue of the fact that it has not waived its sovereign immunity under the provisions of Title 46 U.S.C. § 785.

■ It is a generally-accepted principle of statutory construction that the provisions allowing waivers of sovereign immunity are to be strictly complied with. *Brown v. General Services Administration,* 507 F.2d 1300 (2d Cir. 1974). Complainant, by pleading alternative jurisdiction under the more liberal provisions of the SIAA, cannot avoid the restrictive requirements for claims against a public vessel under the PVA.

■ The Supreme Court recently reaffirmed the vitality of the reciprocity clause of the PVA, and emphasized that, while the admiralty statutes are complementary, the special provisions of one are not voided by the more general provisions of another. The Court so decreed in *U. S. v. Continental Tuna Corp.,* 425 U.S. 164, 168, 96 S.Ct. 1319, 1322, 47 L.Ed.2d 653 (1976):

[T]he 1960 amendment to the Suits in Admiralty Act [allowing suit against any government vessel where proceedings against private vessels would be allowed] contains no language expressly permitting claims previously governed by the Public Vessels Act to be brought under the Suits in Admiralty Act, free from the restrictive provisions of the Public Vessels Act. What amounts to the effective repeal of those provisions is urged as a matter of implication. It is, of course, a

2. In Gilmore & Black's *The Law of Admiralty* (Second edition, 1975) Ch. VI, p. 364, the authors attempt to make sense out of this "jigsaw pattern" of statutory remedies:
"[T]he lower federal courts are in agreement that the Jones Act *is not exclusive* [with respect to high-seas deaths] and that a seaman's personal representative can sue [either under the Jones Act or under DOHSA] and, occasionally, under both." The Supreme Court never quarreled with the lower courts on this issue and in his Moragne opinion Justice Harlan suggested that the Supreme Court had indeed accepted the proposition that actions could be brought on behalf of a Jones Act seaman killed on the high seas not only under the Jones Act but for unseaworthiness, and that in the unseaworthiness action recovery could be had under DOHSA.

The enactment of DOHSA in 1920 apparently rendered obsolete the Supreme Court's suggestion in *The Hamilton* that state wrongful death statutes could be applied to deaths on the high seas.
DOHSA covered the death of any "person" caused by "wrongful act, neglect, or default occurring on the high seas". In the case of a crew member killed on the high seas, "wrongful act, neglect or default" came, as we have seen, to include death caused by non-negligent unseaworthiness and the recovery in the action brought by his personal representative came to include both recovery for pecuniary loss suffered by his dependents under DOHSA § 761 as well as for the decedent's pain and suffering before death under the survival provision of FELA § 59.

cardinal principle of statutory construction that repeals by implication are not favored.

Continuing, Justice Marshall emphasized that:

In [1925] Congress enacted the Public Vessels Act, which authorized a libel in personam against the United States "for damages caused by a public vessel of the United States." The Act provides that suits involving public vessels "shall be subject to and proceed in accordance with the provisions of [the Suits in Admiralty Act] . . . insofar as the same are not inconsistent herewith . . . ." § 782. [One] of the inconsistencies lay in the Public Vessels Act's provision[s] . . imposing a requirement of reciprocity. . . . [T]he notion of reciprocity was central to the scheme enacted by Congress. . . . [T]he Act's requirement of reciprocity was specifically mentioned on the House floor in response to a question whether the Act gave foreign nationals the same right as citizens to bring suit.

■ In sum, 46 U.S.C.A. § 785 is a special jurisdictional provision, the imperative requirements of which must be met completely. By plaintiff's own admission set forth in the complaint, this vessel was a naval ship. According to Gilmore and Black, *supra,* pp. 982–983: "naval ships and other vessels carrying on 'public' functions are not within [the SIAA's] scope." In plaintiff's own Memorandum in Support of its Motion to Strike Defendant's First and Fourth Affirmative Defenses, footnote 1 states:

Although Plaintiff alleges the application of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., as an alternate basis for jurisdiction, for purposes of this motion, it is assumed that the vessel involved was a public vessel as claimed by the defendant within the meaning of the Public Vessels Act, 46 U.S.C.A. § 781 et seq., and that, therefore, jurisdiction is based on the Public Vessels Act.

■ As clearly stated by the Supreme Court in *Continental Tuna, supra,* where a party lacks the elements of jurisdiction under the PVA, he may not "bootstrap" himself into recovery by invoking the provisions of the SIAA.

Plaintiff additionally claims that § 785 does not bar suits brought *on behalf of* foreign nationals, without alleging that there is reciprocity, when the party actually instituting the suit undeniably is as alleged a United States citizen.

As set out before, the federal admiralty statutes are complementary, providing comprehensive coverage of maritime-related claims. In determining who may recover, and what they may recover, where the PVA is silent, its provisions may be supplemented by looking to the SIAA, which in turn incorporates the Jones Act, 46 U.S.C.A. § 688 (allowing recovery for the death of federal employees) and the DOHSA, 46 U.S.C.A. § 761 et seq. (providing recovery for wrongful death based on unseaworthiness that occurred on the high seas).

While the Jones Act and the DOHSA have differing provisions as to who may be beneficiaries of any recovery for wrongful death, both provide for an action to be brought by the personal representative of the decedent on behalf of the designated beneficiaries. 46 U.S.C.A. § 761; 46 U.S.C.A. § 688 (incorporating by reference 45 U.S.C.A. § 51 et seq.).

■ Both the DOHSA and the Jones Act require that independent admiralty jurisdiction be established under the PVA or the SIAA in order that their provisions become applicable to a claimant. *Roberts v. U. S.,* 498 F.2d 520 (9th Cir. 1974), cert. denied 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974); *Mercado v. U. S.,* 184 F.2d 24 (2d Cir. 1950).

The Government argues that plaintiff's claim of United States citizenship does not comply with the jurisdictional requirements of the PVA, for it is the nationality of the beneficiaries which controls, not that of the personal representative merely authorized to bring the suit on behalf of the beneficiaries.

The Government's position is strongly supported by cases interpreting both the Jones Act (and the incorporated provisions of the FELA) and DOHSA. *Chicago, Burlington & Quincy Railroad Co. v. Wells-Dickey Trust Co.,* 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216 (1927) (suit under FELA brought by personal representative); *Civil v. Waterman Steamship Corp.,* 217 F.2d 94 (2d Cir. 1954) (suit under the Jones Act and DOHSA). The point was clearly made in *Petition of Southern Steam Ship Co.,* 135 F.Supp. 358 (D.Del.1955), an action under the Jones Act and DOHSA for damages for wrongful death:

It is entirely clear that the personal representative does not sue for the benefit of the estate of the deceased nor does any amount recovered or received become an asset of the deceased's estate, but the representative sues by virtue of an express statutory designation and holds the amount of recovery in the nature of a trustee for the benefit of those persons upon whose behalf the statute authorizes recovery. . . .

The personality of the Plaintiff, to whom the cause of action is given, is the creature of the statute. The statute could as well have given the cause of action to the Clerk of the Court or the District Attorney to act as trustee in bringing the suit for the benefit of the relatives suffering pecuniary loss. The action is compensatory and intended to compensate the relatives alone for their pecuniary loss.

In sum, the cases support the view that neither the citizenship of the personal representative nor that of the decedent controls. Under both statutes invoked by the plaintiff for jurisdiction, the cause of action for wrongful death does not accrue to the estate, but rather to the surviving beneficiaries, the personal representative being the "nominal party plaintiff" on their behalf.

Clearly, the complaint fails to allege either the United States citizenship of the beneficiaries or that Honduran law allows United States nationals to recover damages for wrongful death in its courts. As we see it, we are constrained to and do deny plaintiff's motion to strike the 1st affirmative defense.

## PLAINTIFF'S CAPACITY TO BRING SUIT.

As to plaintiff's motion to strike the 4th affirmative defense, that "Plaintiff lacks capacity to sue the U.S.A. on behalf of decedent's survivors," the Government fairly proposes (in its Memorandum of Law in Opposition to the Motion to Strike, at p. 11):

Attached to Plaintiff's memorandum of law in support of this motion are several photocopies of documents which purport to invest Plaintiff with the status of personal representative. The Government merely asks that such proofs be presented in the proper evidentiary manner in so far as Plaintiff assumes thereby the highest responsibilities under the law—those of a fiduciary. The Government, therefore, requests that consideration of Plaintiff's motion to strike the Government's Fourth affirmative defense should be deferred until the requisite proofs are properly authenticated to the Court.

Since plaintiff has failed to assert sufficient grounds for jurisdiction, the admissibility into evidence of plaintiff's proof of representative capacity need not be ruled on now.

We are anxious to make perfectly clear that plaintiff has failed to meet the requirements for invoking a cause of action under the PVA. It should be noted that there is a tradition of liberality in the amendment of pleadings in admiralty. *Fireman's Fund Insurance Co. v. U. S. Army LST 34,* 132 F.Supp. 414 (S.D.N.Y.1955), Palmieri, J. In that case, leave to amend so that plaintiff could offer proof as to reciprocity was allowed, rather than allowing lack of such evidence to constitute a bar to jurisdiction under the PVA. See also *Mancini v. U. S.,* 163 F.Supp. 689 (E.D.N.Y.1958).

As hereinabove noted this is the second complaint filed by plaintiff in this matter. The original complaint gave way to the present one by stipulation of the parties,

because plaintiff had failed to allege his capacity to sue as decedent's duly-appointed representative.

■ One matter remains to be alleged and supported by evidence in this case: Is there jurisdiction under the PVA due to reciprocity under Honduran law? If plaintiff offers impressive proof of this jurisdictional threshold, then the case could proceed to the merits. The Government has indicated a willingness to go along with such an amendment (in its Memorandum of Law in Opposition to the Motion to Strike, p. 12):

> The Court may grant plaintiff leave to amend to comply with the reciprocity clause. If so, the Government respectfully requests that the Court fix a date 3 months from the date of the Court's decision of this motion for a hearing on Honduran law. This request is made so that jurisdictional obstacles may be dispensed with before both parties engage in pretrial discovery.

Plaintiff has been circling around the jurisdictional bases of this case since October, 1977 without being able to land on them. Rather than impose further injury on the decedent's beneficiaries, plaintiff should be granted one last chance to make out a cause of action under this statute.

## DISPOSITION.

Plaintiff's motions to strike Affirmative Defenses 1 and 4 denied; Government's motion to dismiss granted, with leave to plaintiff to amend pleadings to allege reciprocity as required by the jurisdictional provisions of the Public Vessels Act, 46 U.S.C.A. § 785. Submit order on notice on or before February 26, 1979.