**Edmundo S. PASCUA**

v.

**ASTROCIELO NEPTUNEA ARMANDORA, S.A. and El Greco.**

**Civ. A. No. G–84–339.**

United States District Court, S.D. Texas, Galveston Division.

July 29, 1985.

Paul R. Miller, Friedman & Chaffin, Houston, Tex., for plaintiff.

James R. Watkins, Royston, Rayzor, Vickery & Williams, Galveston, Tex., for defendant.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Before the Court is plaintiff's motion for reconsideration of this Court's order granting defendant United States' motion to dismiss. Plaintiff did not respond to the defendant's motion by its submission date. After this Court granted the said motion on February 26, 1985, plaintiff then moved for reconsideration on March 28, 1985.

1. Plaintiff's complaint states that plaintiff is a resident of the Philippines, that he was a Jones Act seaman injured within the course and scope of his employment with the vessel AEGEAN SUN, and that "these injuries were sustained aboard a vessel operated by defendant, the U.S. Coast Guard, a service in the Department of Transportation of the United States ..." (See Complaint, p. 2). To date, plaintiff's complaint has not been amended and is still serving as the base pleading for plaintiff's action.

The Court finds that plaintiff's current pleading brings his case squarely under the Public Vessels Act. The Public Vessels Act (PVA) allows a libel in personam in admiralty to be brought against the United States for damages caused by a public vessel of the United States. A Coast Guard vessel is a public vessel within the meaning of the Act. *Helgesen v. United States*, 275 F.Supp. 789 (S.D.N.Y.1966). The PVA bars suits by nationals of a foreign government unless it appears to the satisfaction of the Court that such government allows United States nationals to sue in its Court. *See* 46 U.S.C. § 785. The plaintiff has not pleaded, nor proved to this Court's satisfaction, that such reciprocity exists.

2. Reciprocity, however, is not required under the Suits in Admiralty Act (SIAA). *United Continental Tuna Corp. v. United States*, 499 F.2d 774 (9th Cir. 1974), *rev'd on other grounds*, 425 U.S. 164, 96 S.Ct. 1319, 47 L.Ed.2d 653. Plaintiff's motion for reconsideration alleges

that the SIAA should apply to his case. This Act provides that a libel in personam may be brought against the United States in cases where, had a private person or private vessel been involved, a proceeding in admiralty could have been maintained. 46 U.S.C. § 742. While the PVA specifically requires the involvement of a public vessel, the SIAA reaches all admiralty claims against the United States whether or not government cargoes or vessels are involved. *Kelly v. United States*, 531 F.2d 1144, 1149 (2d Cir.1976).

Plaintiff alleges that the Coast Guard was negligent in its rescue operations (see plaintiff's brief in support of his motion), that it "directed plaintiff to jump during rough seas from the deck of his stranded vessel to the deck of the Coast Guard vessel", and that he was "injured upon making contact with a public vessel at the direction of the U.S. Coast Guard." (*See* plaintiff's response to defendant United States' opposition.)

The Court declines to treat plaintiff's motion for reconsideration as a substitute for an amended pleading. Further, assuming that plaintiff's allegations in his motion for reconsideration are true, the Court declines to draw the artificial distinction between damage caused by a public vessel and damage caused by the negligence of those who operate the public vessel. Rescue and salvage operations by the Coast Guard fall under the Public Vessels Act. *See United States v. Lawter*, 219 F.2d 559 (5th Cir.1955); *Johnson v. United States*, 378 F.2d 732 (9th Cir.1967); *Dreher v. United States*, 375 F.Supp. 1061 (N.D. Cal.1972); *Tisdelle v. United States*, 1963 A.M.C. 2662 (S.D.Florida 1962). A plaintiff may not evade the reciprocity requirement of the Public Vessels Act by bringing action under the Suit in Admiralty Act. *United States v. United Continental Tuna Corp.*, 425 U.S. 164, 96 S.Ct. 1319, 47 L.Ed.2d 653 (1976). When a party lacks elements of jurisdiction under the PVA, he may not "bootstrap" himself into recovery by invoking provisions of the SIAA. *Blan-*

*co v. United States*, 464 F.Supp. 927, 931–932 (S.D.N.Y.1979).

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiff's motion for reconsideration be, and is hereby, DENIED.